TIMOTHY MANTER *vs.* WINSLOW W. CHURCHILL.

Plymouth. Oct. 15, 1878. — June 24, 1879. AMES, ENDICOTT & SOULE, JJ., absent.

Mere forbearance to sue, without any agreement to that effect, is not a sufficient consideration for the promise of another to pay the debt of the person liable, although the act of forbearance was induced by such promise.

CONTRACT upon an account annexed for money paid. Answer, a general denial. Trial in the Superior Court, without a jury, before *Brigham,* C. J., who allowed a bill of exceptions in substance as follows:

Ephraim Churchill, the father of the defendant, died in the fall of 1865, then owner of one quarter part of a schooner, and left a widow, Martha H. Churchill, and four children. In November 1865, Martha H. was appointed administratrix of the estate of Ephraim. The plaintiff became part owner and managing agent of the schooner in 1869, and transacted all the business which related to the interest of the estate of Ephraim in the schooner with Martha H. in her character of administratrix. In this character she joined in a bill of sale of the schooner in March 1876, and prior thereto received from the plaintiff one quarter of the profits of the schooner's business. The personal estate of Ephraim remaining in the hands of the administratrix, after the payment of debts, was never distributed among the heirs at law of Ephraim, and they have hitherto allowed the administratrix to use it for her maintenance, and treat it as her own property. The business of the schooner was conducted, in the year prior to her sale, with such loss that on June 1, 1876, when the final accounts were made up by the plaintiff, the sum of $110 was due to the plaintiff from the estate of Ephraim, being one quarter of the loss for the previous year's business, and the further sum of $3.29 was due to the plaintiff from the estate, being one quarter of the loss for the year prior to 1875. These sums, amounting to $113.29, the plaintiff sought to recover in this action, less the sum of $62.50, paid since this action, as hereinafter stated, on the ground of a special oral promise of the defendant to pay the same, in consideration of the plaintiff's forbearing, for the period of about three months, to bring an action against the administratrix, the defendant or other heirs

at law of Ephraim to recover the same. The plaintiff also claimed to recover upon an implied promise of the defendant to pay the sum sought to be recovered in this action, in consideration of the plaintiff's forbearing, for a considerable period of time, to bring an action against either the administratrix, the defendant, or the other heirs at law of Ephraim.

The judge found that the defendant made an oral promise to pay the account declared on to the plaintiff's attorney, and also to the plaintiff; that this promise induced the plaintiff to forbear, and he did forbear, bringing this action, for the period of three months, against the administratrix, the defendant or the other heirs at law of Ephraim; that the defendant solicited the plaintiff to forbear bringing an action against the administratrix, assuring the plaintiff that she had a disposition to pay, and would, from sources which were specified by the defendant, have the means of paying the account, and, by his declarations and conduct, intentionally caused the plaintiff to believe that the account would be paid by the administratrix, and, if not paid by her, would be paid by the defendant, or by the heirs at law, within one year, and thus induced the plaintiff to forbear, and that he did forbear bringing this action against the administratrix for the period of at least one year.

After this action was brought, the defendant's sisters paid the plaintiff $62.50, on account of the sum sought to be recovered in this action, and, before such payment, the defendant and the other heirs proposed to convey to the plaintiff land which had been a part of the estate of Ephraim, in payment of the account declared on, and a deed was made to carry into effect this proposition, but was not executed, by reason of the disagreement of the parties as to the price at which the land should be received by the plaintiff, in settlement of his account. The defendant also relied upon the statute of frauds. The plaintiff contended that this defence was not open under the pleadings; and the judge did not base his finding upon that defence.

Upon these facts, the judge ruled that the action could not be maintained, and ordered judgment for the defendant; and the plaintiff alleged exceptions.

*C. G. Davis & A. Lord*, for the plaintiff.

*D. E. Damon*, for the defendant.

LORD, J.  It is entirely clear that there was no evidence tending to hold the defendant as an original promisor.  The only question is whether he was liable to pay the debt of his mother, Martha H. Churchill.  His liability for that debt is not denied upon the ground that he did not promise in writing to pay it.  The statute of frauds is not pleaded, the plaintiff contends that that defence is not open, because not pleaded, and the Chief Justice of the Superior Court states expressly that his finding for the defendant was not based upon the statute of frauds.  He finds that the defendant promised to pay the debt; and the question presented for our consideration is, whether such promise was founded upon a sufficient consideration, or whether it was mere *nudum pactum.*

Mere forbearance to sue is not a sufficient consideration for a promise to pay the debt of another.  *Mecorney* v. *Stanley*, 8 Cush. 85.  An agreement to forbear and actual forbearance under such agreement is a sufficient consideration.  *Robinson* v. *Gould*, 11 Cush. 55.

In this case, the presiding judge, although he finds there was forbearance to sue, and finds that the plaintiff was induced to forbear because of the request of the defendant, yet does not find that there was upon the part of the plaintiff any agreement to forbear.  The plaintiff, therefore, was under no obligation, legal or moral, not to bring a suit; and he might at any moment have commenced an action against the mother of the defendant, without any cause for complaint on the part of the defendant that he had violated any promise or engagement to him; and although the forbearance was at the request of the defendant, and at his solicitation, still it is not found to have been by virtue of an agreement.  There are cases in which the fact of forbearance, and the circumstances under which it exists, may be properly left to the jury as evidence tending to show a promise to forbear.  *Boyd* v. *Freize*, 5 Gray, 553.  But in this case, decided by the court without the intervention of a jury, it is to be presumed that the evidence did not satisfy the court of an agreement to forbear, and the court therefore found the promise to be without consideration, and that no action could be maintained upon it.

*Exceptions overruled.*