JOSIAH G. LAMBERT *vs.* ROBERT P. CLEWLEY.

Waldo.    Opinion August 3, 1888.

*Promissory note.    Consideration.    Indorser.*

A mere forbearance to sue one of the makers of a promissory note is not a sufficient consideration to charge one as indorser, by signing his name upon the back after delivery, even though the forbearance was produced by the signing.

The plaintiff in an action against the indorser of a promissory note testified that the consideration of the indorsement was "that I would not sue. . . He said if I would not enter my suit, or make any trouble about it, he would see the note was paid . . . When Mr. Clewley indorsed the note it was the understanding that I was not to trouble Mr. Cousins. I was not to commence a suit." The court instructed the jury that "the evidence failed to show, and would not authorise them in finding a valid consideration. . . . so as to make it obligatory upon the defendant to pay the note." *Held,* no error.

ON exceptions and motion.

Assumpsit on a promissory note which was given by the indorser of a prior note, and that indorsement was the only consideration of the note in this case.

The point and material facts are stated in the opinion.

*W. T. C. Runnells,* for plaintiff.

The blank indorsement by defendant, of the note signed by William Clewley and J. F. Cousens, is only *prima facie* evidence of the contract implied by law; and, in suit between the

immediate parties, it would be competent to prove by parol evidence, the agreement which was in fact made at the time of the indorsement. *Smith v. Morrill*, 54 Maine, 48.

The evidence shows that defendant indorsed that note subsequent to its date, and without a prior indorsement by the payee. The law regards him a guarantor. *Colburn* v. *Averill*, 30 Maine, 310.

If the consideration for defendant's putting his name on the back of the old note and guaranteeing its payment to plaintiff was that plaintiff should forbear suit against Cousens and should not collect of him, that in law would constitute a good consideration. *King v. Upton*, 4 Maine, 387; *Russell* v. *Babcock*, 14 Maine, 138; Kent's Com. Vol. 2, p. 631.

If plaintiff's legal claim against defendant had been merely a colorable claim conflicting with that of defendant, its surrender to defendant and the settlement of the dispute between the parties without suit, would have constituted a sufficient consideration for the note in suit. Chitty on Contracts, p. 45.

Defendant testified that the indorsed note came into his possession as administrator. The surrender of that note to the administrator of the estate of the deceased maker of it, whether that note was at the time capable or incapable of being enforced at law, is sufficient to constitute a consideration for a new note from the administrator, and he would be personally holden thereon, although, when the new note is given by him, his final account has been allowed and no assets have since come into his hands. *Brown* v. *Eaton*, 127 Mass. R. 174.

*Joseph Williamson*, for the defendant, cited: *Manter* v. *Churchill*, 127 Mass. 31; *Perley* v. *Perley*, 144 Mass. 104; *McCorney* v. *Stanley*, 8 Cush. 85; *Smith* v. *Taylor*, 39 Maine, 242.

DANFORTH, J. The case shows that defendant put his name in blank upon the back of a note after it had been signed and delivered by the makers to the plaintiff as payee, as a completed contract. In this state of facts the burden of proof is upon the plaintiff to show some consideration to make valid any contract

arising therefrom. The presiding justice instructed the jury that " the evidence failed to show, and would not authorize them in finding, a valid consideration, . : so as to make it obligatory upon the defendant to pay the note." The only consideration claimed was a forbearance on the part of the plaintiff to sue one of the makers. But a mere forbearance is not sufficient, even though produced by such signing. There must be a distinct and valid contract binding upon the plaintiff not to sue. *Manter* v. *Churchill*, 127 Mass. 31.

The defendant testifies positively that there was no 'such agreement. The plaintiff testifies that the consideration of the indorsement was "that I would not sue." " He said if I would not enter my suit, or make any trouble about it, he would see the note was paid," and again, " When Mr. Clewley indorsed the note, it was the *understanding* that I was not to trouble Mr. Cousens. I was not to commence a suit."

Remembering that a chain has only the strength of its weakest link, it would seem that these different statements were equally consistent with a mere forbearance, as with an agreement not to sue, and if we also consider that these statements come from a party who must have known the facts, the conclusion is inevitable that the jury would not have been justified in finding a valid consideration for the indorsement. There is an entire want of testimony as to time, and hence nothing to show that there was a single hour when the plaintiff might not have commenced an action without a violation of any legal obligation he was under to the defendant.

The instruction that if the note in suit was given solely as a renewal of the supposed obligation it would fall under the same principle, was a necessary sequence.

The instructions given under the state of facts arising in connection with the surrender of the old note, are unexceptionable. If there were any omission, advantage could be taken of it only by the proper requests for further instructions.

*Exceptions overruled. Judgment on the verdict.*

PETERS, C. J., LIBBEY, EMERY, FOSTER and HASKELL, JJ., concurred.