JAMES H. SMITH *vs.* FRED A. BIBBER.

Cumberland.   Opinion June 7, 1889.

*Promissory notes.   Collateral security.   Consideration.   Forbearance.*

A promissory note indorsed and transferred by the payee before due, as collateral security for a pre-existing debt with no new consideration between the parties therefor, is subject to any defense that might be made as between the original parties.

To show a good consideration for the transfer, by forbearance by one who takes the note as collateral, it must be shown that he made a valid promise to forbear a suit on his debt against the indorser for some definite time. It is not sufficient to show that he did forbear to sue.

ON EXCEPTIONS AND MOTION.

Action of assumpsit, in which there was a trial in the superior court, Cumberland county, to recover the sum of $2,129.91 due on a note for $3,000, dated October 1, 1882, made by the defendant, and which the plaintiff claimed was delivered to him as collateral security for a note of $5,000, which Phinney & Jackson owed him,—he having forborne a suit on the last named debt in consideration of receiving the collateral security. The defendant answered that he had paid it; or that it being an accommodation note given by him to Phinney & Jackson, it had been passed over

to the plaintiff to secure a pre-existing debt due from them to the plaintiff, without any consideration passing between the parties, or forbearance by plaintiff to sue binding for any definite time; and that he had the same right to defend against the note in suit, as if it had been brought by Phinney & Jackson standing in the place of the payees.

There was a verdict for the plaintiff. The defendant excepted to the instructions of the presiding justice to the jury, as appears in the opinion of the court.

The motion for a new trial was not pressed for consideration.

*Symonds and Libby,* for plaintiff.

The court instructed the jury in substance that such forbearance would constitute the plaintiff a *bona fide* holder for value, and this instruction is sustained, we think, by authorities generally, except perhaps New York, including our own state.

The great preponderance of authority goes much further and holds that the taking of collateral security for a pre-existing debt, even without any existing agreement for forbearance and extension, makes one a holder for value so as to shut out existing equities. That is the view of the supreme court of the United States, of the highest courts in England, and of most of the state courts, including Massachusetts, New Hampshire, Rhode Island, Vermont, New Jersey, Maryland, Illinois, Michigan, Alabama, Texas, North Carolina, California, Louisiana, Iowa and Georgia. *Swift* v. *Tyson,* 16 Pet. 1, 28; *Alliance Bank* v. *Broom,* 2 Drew. & Sm. 289, cited by Clifford, J., in *Ry. Co.* v. *National Bank,* 102 U. S. 48; *Oates* v. *National Bank,* 100 U. S. 239, 250; *McCarty* v. *Roots,* 21 How. 432, affirming *Swift* v. *Tyson; Quinn* v. *Hard,* 43 Vt. 375; *Russell* v. *Splater,* 47 Id. 273; *Atkinson* v. *Brooks,* 26 Id. 569; *Fisher* v. *Fisher,* 98 Mass. 303; *Stoddard* v. *Kimball,* 6 Cush. 469; *Roberts* v. *Hall,* 37 Conn. 205; *Bank of Republic* v. *Carrington,* 5 R. I. 515; *Williams* v. *Little,* 11 N. H. 66; *Bowman* v. *Millison,* 58 Ill. 36; *Manning* v. *McClure,* 36 Id. 490; *Payne* v. *Bensley,* 8 Cal. 260; *Giovanovich* v. *Citizens Bank,* 26 La. Ann. 15; *Smith* v. *Isaacs,* 23 Id. 454; *Allaire* v. *Hartshorne,* 21 N. J. L. 665; *Armour* v. *McMichael,* 36 Id. 92; *Maitland* v. *Citizens' Bank,* 40 Md. 540; *Robinson* v. *Lair,* 31 Iowa, 9; *Bonaud* v. *Genesi,* 42

Ga. 639; Bigelow, Bills and Notes, 502, *et seq;* 1 Daniel Neg. Ins. (2d edition), c. 25, §§ 820—833. Story, Prom. Notes, §§ 186, 195, (Thorndyke's ed.) 1, Parsons, Notes and Bills, (2d ed.) 218, § 4, c. 6; Red. and Bigelow's L. C. Notes and Bills.

*Bramhall* v. *Beckett,* 31 Maine, 205, approved in *Nutter* v. *Stover,* 48 Maine, 163, 169, was decided in 1850, and the doctrine of that case is hardly in harmony with the commercial wants and usages of to-day. The needs of commerce and the extension of the credit and circulation of negotiable paper have led to the expansion of the early doctrine, so that, as above indicated, a great preponderance of authority is in favor of the position that the transfer of negotiable securities as collateral for a pre-existing debt constitutes a valuable consideration, so as to shut out equities between antecedent parties of which the holder has no notice.

In view of all these authorities and the importance of the principle involved, we think we should be justified, were it necessary, in asking this court to expand the principle enunciated in *Bramhall* v. *Beckett,* so as to accord with the prevailing commercial authorities of the world. But in point of fact and so far as the purposes of this case are concerned, that case standing alone would, we claim, sustain the rulings given at the trial.

*S. C. Strout, H. W. Gage and F. S. Strout,* for defendant.

The true test to determine whether a note is subject to an equity set up by the maker is this: Could the payee, at the time he transferred the note, have maintained suit upon it against the maker, if it had then been mature. Story, Prom. Notes, § 178.

The law in this state is well settled that the holder of negotiable paper, who takes it as collateral security for a pre-existing debt, "without parting with any rights, extending any forbearances, or giving any other consideration," cannot be regarded as the holder for a valuable consideration, and is not entitled to protection against the equities of the accommodation maker, acceptor or indorser. *Bramhall* v. *Beckett,* 31 Maine, 205, approved in *Nutter* v. *Stover,* 48 Maine, 169, and has never since been doubted in Maine.

The same doctrine is held in New York. *Bay* v. *Coddington,* 5 Johns. Ch. R. 54; *Coddington* v. *Bay,* 20 Johns. 637, never over-

ruled in that state, but repeatedly affirmed.  *Stalker* v. *McDonald*, 6 Hill, 93 ; *Grocers' Bank* v. *Penfield*, 69 N. Y. 502, 505 ; *Stevens* v. *Brennan*, 79 N. Y. 254, 258.

In New Hampshire, the same doctrine is held.  *Jenness* v. *Bean*, 10 N. H. 266 ; *Williams* v. *Little*, 11 N. H. 66 ; *Fletcher* v. *Chase*, 16 N. H. 38 ; *Rice* v. *Raitt*, 17 N. H. 116.

So held in Alabama.  *Fenouille* v. *Hamilton*, 35 Ala. 319; *Connerly* v. *Ins. Co.*, 66 Ala. 432.

In Iowa.  *Davis* v. *Strohne*, 17 Iowa, 421.

In Arkansas.  *Bertrand* v. *Barkman*, 13 Ark. 150.

In Mississippi.  *Brooks* v. *Whitson*, 7 S. & M. 513.

In N. Carolina.  *Reddick* v. *Jones*, 6 Ired. 107.

In Ohio.  *Roxborough* v. *Messick*, 6 Ohio St. 448.

In Pennsylvania.  *Ashton's appeal*, 73 Pa. Stat. 153.

In Tennessee.  *Wormley* v. *Lowry*, 1 Humph. 468.

In Virginia.  *Prentice* v. *Zane*, 2 Gratt. 262.

In Wisconsin.  *Bowman* v. *Van Kuren*, 29 Wis. 209.

In Kentucky.  *Breckenridge* v. *Moore*, 3 B. Mon. 629.

In Minnesota.  1 Minn. 311, 312.

Mere forbearance is not sufficient consideration.  To be such there must be an agreement to forbear, a binding agreement, upon which an action could be brought if violated, or which could be enforced by injunction or used in defense.  *Stalker* v. *McDonald*, 6 Hill, 93, 114 ; 1, Pars. Con. pp. 440 to 444 ; 1 Addison, Con. § 14 ; Chitty, Con. 35, 531 ; *Berry* v. *Pullen*, 69 Maine, 101, 103.

LIBBEY, J.  At the time the note sued on was made, it was the settled law of this state, as decided by this court, that a promissory note indorsed and transferred by the payee, before due, as collateral security for a pre-existing debt, with no new consideration between the parties therefor, was subject to any defense that might be made as between the original parties. *Bramhall* v. *Beckett*, 31 Maine, 205 ; *Nutter* v. *Stover*, 48 Maine, 169.

The defendant set up in defense payment of the note to the payee before it was indorsed to the plaintiff.  As between the payor and payee this is a good defense.  The contention between the parties at the trial was whether this defense could be set up against the plaintiff to whom the note was indorsed before due

as collateral security for a pre-existing debt, as the defendant claimed, without any new consideration.

On this point the court below instructed the jury as follows:

"Now, in order for the plaintiff to recover he must satisfy you, in the first place, that the note in suit was placed with the plaintiff to secure the whole indebtedness. Second, either that there was a valid consideration for the note, and that it was still unpaid at the time the plaintiff received the note, or that the plaintiff, when he received the note from Phinney & Jackson, extended some forbearance to them. If he has proved the first point, that the note was left to secure the whole indebtedness, and either of the latter points,—either that it was a valid note, or that he extended some forbearance to Phinney, if it was an accommodation note,—then he is entitled to recover." * * * "Now on the matter of forbearance, it is not necessary that any specific time should be agreed upon between Phinney and Smith during which Smith should forbear to sue; if he went to him and said 'unless you give me collateral security for this note I shall sue and attach your property,' and in consequence of that statement this collateral was given, and he did forbear to sue, that is a sufficient consideration for the taking of this collateral, and Smith under these circumstances, in taking the note, would be considered a *bona fide* holder for value."

Under this instruction the jury were authorized to find a valid contract on the part of Smith to forbear a suit against Phinney and Jackson, without any promise on his part to do so, but that the delay to bring an action was sufficient.

We think this was error. Without a promise to forbear, Smith deprived himself of no right or remedy, against Phinney & Jackson. To constitute a legal contract to forbear there must be a valid promise to do so, so that for some time, the holder of the debt has no right to maintain an action on it. It is not sufficient to show that he did forbear. *Mecorney* v. *Stanley*, 8 Cush. 85 ; *Robinson* v. *Gould*, 11 Cush. 55 ; *Manter* v. *Churchill*, 127 Mass. 31 ; *Berry* v. *Pullen*, 69 Maine, 101 ; *Turner* v. *Williams*, 73 Maine, 466 ; *Lambert* v. *Clewley*, 80 Maine, 480.

The rule which requires some new consideration to protect the

indorsee who takes the note as collateral for a pre-existing debt, against such a defense as is set up here, is admitted as the settled law of this state when the note in suit was made. *Smith* v. *Hiscock*, 14 Maine, 449 ; *Nutter* v. *Stover*, 48 Maine, 169. But it is claimed by the counsel for the plaintiff that it is in conflict with the rule established by the Federal courts, the court of Massachusetts and many of the other states, which is well shown by the many authorities cited in their brief ; and they urge the court to overrule the cases in this state, and establish here the rule held by them which requires no new consideration, and thereby bring this state in accord, upon this question of commercial law, with what is claimed to be the rule established by the greater weight of authority. If the question was an open one here we should be inclined to adopt the federal rule as the one best sustained by principle and authority.

But it has been so long settled the other way and acted upon in this state, we do not feel that we should be justified in reversing it.

*Exceptions sustained.*

PETERS, C. J., DANFORTH, VIRGIN, EMERY and HASKELL, JJ., concurred.