JOHN R. WIDGER *vs.* ALICE A. BAXTER & another.

Suffolk.   November 21, 1905. — January 3, 1906.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & SHELDON, JJ.

*Bills and Notes. Contract,* Consideration.   *Husband and Wife.*

A note given in renewal of previous notes which were without consideration is without consideration.

A note signed by a husband and wife given to a former creditor of the husband, whose claim has been barred by a discharge of the husband in insolvency, merely as an acknowledgment of or security for an unenforceable moral obligation of the husband, is without consideration as against the wife.

The note of a wife given to a creditor of her husband as security for a pre-existing debt of the husband is not binding without a new consideration.

KNOWLTON, C. J.   This is an action upon a promissory note, signed by the defendants Alice A. Baxter and Isaac E. Baxter, who are husband and wife.   The chief justice of the Superior Court, before whom the case was tried without a jury, found that the note was given in renewal of eight notes, seven of which were for $200 each and one for some additional amount, made by the defendant Alice in 1893.   He found that these notes were without consideration, and that the note in suit was therefore without consideration.   See *Holden* v. *Cosgrove,* 12 Gray, 216.   The case is before us on the plaintiff's exceptions, after a finding for the defendants.

The circumstances under which the eight notes were given were as follows : The husband, Isaac E. Baxter, went into insolvency in 1890, and John W. McMahon, to whom the notes

were afterwards given, proved a claim of more than $2,000 against the estate. In 1891, with the assent of McMahon, a discharge in insolvency was granted to Baxter. Afterwards Baxter made some voluntary payments on this indebtedness proved by McMahon. In 1893 Alice, his wife, signed these eight notes, which McMahon had requested Baxter to get from her. The amount of them was what all parties thought was the moral indebtedness of Baxter to McMahon at that time. Afterwards, from time to time until December 4, 1899, Baxter made various payments to McMahon, so that there remained unpaid at this date $1,420, including interest. At McMahon's request the note in suit and another note of $500 were given to take up the six notes then outstanding of the original eight, and these notes were received by Baxter and his wife in exchange for the two then executed. The judge refused to rule, as requested by the plaintiff, that there was a consideration for the eight notes signed by the defendant Alice.

There is no indication that there was anything of benefit to her in the transaction, nor does it appear that McMahon gave up anything of value as a consideration for the notes. He had at the time an unsecured, unenforceable debt, against her husband, which had been discharged in insolvency, and was worthless, except as it might furnish a consideration for a promise that would bind the husband if he should choose to waive the benefit of his discharge, and make an unequivocal new promise to pay the debt. *Champion* v. *Buckingham*, 165 Mass. 76, and cases cited. *Way* v. *Sperry*, 6 Cush. 238. *Bigelow* v. *Norris*, 139 Mass. 12. It does not appear that the parties treated it as anything more than a mere moral obligation of Baxter. It is plain that such an obligation is not a sufficient consideration to support a promise of a third person to discharge it. *Mills* v. *Wyman*, 3 Pick. 207. *Valentine* v. *Foster*, 1 Met. 520. If it was treated as a debt, the evidence does not show that the notes were received in payment of it. The conduct of the parties is quite as consistent with a finding that the notes were received as a kind of security, to strengthen the purpose of the husband to meet his moral obligation. He had previously made payments which he was under no legal obligation to make, and for nearly six years afterwards he continued to pay, as if the matter were his and

not his wife's, while she paid nothing. We must assume that the judge did not find that the debt was paid by the notes so that it could not afterwards be made a foundation for a valid new promise by the insolvent, if he chose to make one. The first request for instructions was rightly refused.

The second request was, that a wife's note, given in payment or as security for her husband's debt, is on valid consideration. This was too broad. A wife's note, given to a third person in payment of her husband's debt, is for a valuable consideration ; but a note given as security for such a debt, previously existing, is not. To make a note of the latter kind valid there must be a new consideration. In the case supposed, the wife obtains nothing and the husband's creditor gives up nothing, and there is no consideration moving from either party to the other. *Green* v. *Shepherd,* 5 Allen, 589. *Courtney* v. *Doyle,* 10 Allen, 122. *Mecorney* v. *Stanley,* 8 Cush. 85. *Ellis* v. *Clark,* 110 Mass. 389. The finding of the judge that there was no consideration for the original eight notes, and that the note in suit was given in renewal of them, makes it unnecessary to consider other exceptions taken by the plaintiff.

*Exceptions overruled.*

*J. E. Hannigan & W. Wilson,* for the plaintiff.
*S. H. Tyng & J. G. Holt,* for the defendants.