SAMUEL LOMBARD & another *vs.* JAMES L. BRYNE
& another.

Suffolk.    December 11, 1906. — February 27, 1907.

Present : KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Bills and Notes.    Evidence*, Presumptions and burden of proof.

In an action against the indorser of a promissory note, although the production of a note in the ordinary form is *prima facie* evidence of a consideration, the burden of proof always is on the plaintiff to show that there was a consideration if this is denied by the defendant.

CONTRACT on a promissory note against James L. Bryne as maker and Samuel H. Hellen as indorser. Writ dated August 24, 1905.

The note, of which a copy was annexed to the declaration, was as follows:

"$1000.                    Boston, Mass., May 22, 1905.

"Three months after date I promise to pay to the order of
S. & R. J. Lombard One Thousand Dollars at any Boston bank
with interest.

"James L. Bryne,

"Value received,                              55 Bowdoin Ave.

"No.     Due     ."

Indorsed :

"S. H. Hellen."

The answer of the defendant Hellen contained a general de-
nial, and, among other matters, alleged that this defendant's
indorsement was made without any consideration.

In the Superior Court the case was tried before *Bell,* J.   It
appeared that the plaintiffs had sold goods to Bryne to the
amount of several thousand dollars, and that Bryne in part pay-
ment therefor had given to the plaintiffs two promissory notes
for the sum of $1,000 each, one of which matured before the
other; that at the maturity of the earlier note a note similar to
the one in suit was made by Bryne payable to the order of the
plaintiffs and was indorsed by the defendant Hellen; and that
the note in suit was given at the maturity of the last men-
tioned note in renewal of it.

It was contended by the plaintiffs, and evidence was intro-
duced by them tending to prove, that the note in suit, as well
as the note in renewal of which it was given, was indorsed by
the defendant Hellen for the accommodation of Bryne, and it
was contended by the defendant Hellen, and evidence was
introduced by him tending to prove, that the indorsements were
solely for the accommodation of the plaintiffs.

The judge, after stating to the jury that, if the indorsement
of the defendant Hellen was made for the accommodation of
the plaintiffs, that defendant would not be liable to them,
and that if, on the other hand, the indorsement was made for
the accommodation of Bryne, or to help him to get a renewal,
the defendant Hellen would be liable to the plaintiffs, further
instructed them that the note itself *prima facie* showed a
liability on the part of the defendant Hellen to the plaintiffs,
and that to overcome this *prima facie* liability the burden of
proof was upon the defendant Hellen to establish the fact that

he indorsed the note in suit for the accommodation of the plaintiffs.

The jury returned a verdict for the plaintiffs against the defendant Hellen in the sum of $1,061.66; and the defendant Hellen alleged exceptions. Certain exceptions taken by him to the admission of evidence by the judge have been made immaterial by the decision of the court.

*S. H. Tyng,* for the defendant Hellen.

*J. C. Woodman,* for the plaintiffs.

KNOWLTON, C. J. The question at the trial was whether, as between the plaintiffs and the defendant Hellen, there was a consideration for Hellen's signature upon the note. The production of the note made a *prima facie* case on this point, in favor of the plaintiffs. The defendant sought to meet it by showing that the presumption which ordinarily would arise from the form of the note was not well founded, and that there was no consideration for his signing, inasmuch as he affixed his signature merely for the accommodation of the plaintiffs. On the question whether there was a consideration for the note, the burden of proof was on the plaintiffs throughout the trial. The evidence offered by the defendant was on that issue, and was intended to meet and answer the contentions of the plaintiffs. If, on the whole evidence, the matter in dispute was left in an even balance, the plaintiffs would fail.

This is not like a case where the defendant seeks to avoid the effect of *prima facie* evidence by the proof of an independent fact outside of the issue, whereby he is relieved from liability. In such a case the defendant has the burden of proving the fact, and if he fails, the original *prima facie* case prevails.

The present case cannot be distinguished in principle from *Perley* v. *Perley,* 144 Mass. 104. See *Delano* v. *Bartlett,* 6 Cush. 364; *Broult* v. *Hanson,* 158 Mass. 17; *Temple* v. *Phelps,* 193 Mass. 297.

The jury should have been instructed that, on the whole evidence, the burden was on the plaintiffs to prove that the defendant Hellen's indorsement was for a valuable consideration.

*Exceptions sustained.*