SAMUEL H. SEAGER & another *vs.* F. OTIS DRAYTON.

Suffolk.   March 12, 1914.— May 21, 1914.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & CROSBY, JJ.

*Bills and Notes,* Consideration.  *Practice, Civil,* Exceptions, Findings by judge.

If, at the maturity of a negotiable promissory note which was without considera-
tion, the maker makes a partial payment thereon and gives a new note for the
balance, the new note is without consideration and no action can be main-
tained thereon by the payee against the maker.

A judge who without a jury hears an action of contract by the payee against the
maker of a promissory note, where the defendant contends and introduces
evidence tending to show that the note was without consideration, is not
bound to rule that on all the evidence he should find for the plaintiff; and
even upon a bill of exceptions stating all the evidence, a finding by him for
the defendant will not be reviewed by this court.                        ∎

CROSBY, J.   This is an action upon a promissory note, signed
by the defendant and delivered to the plaintiffs, which had been
given in renewal of a previous note of the defendant upon the
maturity of the latter, at which time the defendant made a
partial payment thereon and gave the note sued on for the balance.
The defendant contends that the note is without consideration.
The case was tried without a jury by a judge of the Su-
perior Court,* who found for the defendant.   The plaintiff re-
quested the judge to rule "that upon all the evidence a verdict
should be rendered for the plaintiff."   This was refused, and the
plaintiff excepted.

The evidence shows that the defendant's employer, Wright,
owed the plaintiffs an account for hay and grain furnished by
them to Wright; that Wright gave them a note in part pay-
ment of the account; and that upon the maturity of the note,
Wright failing to pay it and the plaintiffs having refused to
renew it, the defendant, at the request of the plaintiff Loring,
gave to the plaintiffs his (the defendant's) note for the amount
due upon the note given by Wright.   The defendant testified
that when he delivered the first note to the plaintiff Loring,

* *McLaughlin,* J.   .

the latter said "that he had to show his partner something, and if he had my note he would be perfectly satisfied." It is the contention of the plaintiff that there was a valid consideration for the note (1) because of the forbearance of the plaintiffs to sue Wright; (2) because the defendant's note was given in substitution for the note given by Wright and thereby constituted a novation; and (3) because the note of the defendant was given to the plaintiffs as creditors of the debtor Wright in payment of, or as security for, the debt due from Wright to the plaintiffs. If the plaintiffs' proof was sufficient to establish either of these contentions, they would be entitled to recover. *Boyd* v. *Freize,* 5 Gray, 553. *Manter* v. *Churchill,* 127 Mass. 31, 33. *Neal* v. *Wilson,* 213 Mass. 336. As the defendant denied that there was a consideration for the note, the burden of proof was on the plaintiffs. *Lombard* v. *Bryne,* 194 Mass. 236.

Whether there was a valid consideration for the note was a question of fact for the trial judge to determine upon the evidence presented and the reasonable inferences to be drawn therefrom. This court has no power upon a bill of exceptions to revise or set aside a finding of the judge before whom the case was tried without a jury, although the bill of exceptions states all the evidence, provided there was any evidence to support the finding. *Edmundson* v. *Bric,* 136 Mass. 189. *Bill* v. *Stewart,* 156 Mass. 508. If the note upon which this action is brought was given in renewal of a previous note of the defendant which was without consideration, then it also is without consideration. *Widger* v. *Baxter,* 190 Mass. 130. *Holden* v. *Cosgrove,* 12 Gray, 216.

We discover no error of law in the refusal of the court to rule as requested by the plaintiffs. Accordingly the entry must be

*Exceptions overruled.*

*F. D. Sawin,* for the plaintiffs.
*A. P. Teele,* for the defendant, submitted a brief.