FREDERICK A. WINCHESTER *vs.* GUSTAF L. ERICKSON & another.

Norfolk.    November 22, 1932. — November 29, 1932.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Broker,* Commission.

At the hearing in a district court of an action by a broker for a commission, there was evidence that the plaintiff, while accompanying a woman in search of a house for sale, saw a "for sale" sign on a house of the defendant and introduced himself to the defendant as a broker and the woman as a prospective customer; that, a few days later, the plaintiff

informed the defendant that the woman was interested in the house and asked the defendant to quote a price; that the defendant quoted a price, and, upon the plaintiff's asking him for a commission in a certain sum, increased his price to cover that sum; that the woman examined the house and purchased it about two weeks later; that the plaintiff did not learn of the purchase until about a week after the papers had been passed and the deed recorded; and that, after the papers had been passed and before the plaintiff learned of it, the defendant made statements to the plaintiff substantially to the effect that the defendant and the woman had not reached an agreement and that it was uncertain whether they would do so. *Held,* that

(1) The evidence warranted findings that the plaintiff was authorized by the defendant to secure a customer for the house, that he did so and that his efforts were the efficient cause of the sale to the woman;

(2) A finding was warranted that the defendant acted in bad faith with intent to deprive the plaintiff of his commission;

(3) A finding for the plaintiff was warranted.

CONTRACT. Writ in the District Court of East Norfolk dated July 9, 1930.

The action was heard in the District Court by *Nash,* J. Material evidence and rulings requested by the defendants and refused by the judge are stated in the opinion. The judge found for the plaintiff in the sum of $300 and reported the action to the Appellate Division for the Southern District. The report was ordered dismissed. The defendants appealed.

*A. I. Burgess & D. J. Tolman,* for the defendants, submitted a brief.

*H. G. Spence,* for the plaintiff.

RUGG, C.J. This is an action of contract to recover a commission which the plaintiff claims is due him as broker for having found a purchaser for a parcel of real estate pursuant to employment by the defendants. It was agreed that the plaintiff was a broker, had known a certain Mrs. Leveridge for a number of years and had had business relations with her; that on June 6, 1930, he drove her at her request around Quincy in search of a house for sale and had seen "for sale" signs on a house on Samoset Avenue; that on that day he met the defendant Rennie, informed him he was a real estate broker and introduced Mrs. Leveridge to him as a prospective purchaser of a house; that the house on Samoset Avenue was sold by the defendants to Mrs. Lever-

idge for $10,800; and that the deed was executed on June 25, 1930, and recorded two days later. There was testimony in behalf of the plaintiff to the effect that on June 10 Mrs. Leveridge was driven again to the Samoset Avenue house; that the plaintiff then told the defendant Rennie that she was interested in the house and wanted him to get the price; that Rennie first quoted him a price of $10,500 net; that the plaintiff asked for a commission of $300 and then he was told to quote a price of $10,800 to his customer; that the plaintiff did quote this price to her on the following day, made arrangements to take her to the house on June 12, and, meeting the defendant Rennie there, they examined the house together, this being the first time that Mrs. Leveridge had been inside; that, after further conference with Mrs. Leveridge, on June 27 he told Rennie that it looked as if his customer was going to buy the house; that Rennie replied that they wanted an oil burner installed and that he would throw up the deal if he had to install an oil burner, sell the house for $10,800 and pay the plaintiff a commission of $300; that the plaintiff knew nothing about the sale of the house until July 2, 1930; that Rennie offered him $100 which he refused; and that on July 1 Rennie told the plaintiff that he "did not know whether the Leveridges were going to buy or not, that one day they said they would and the next day . . . that they would not," this being after the papers had been passed. There was much evidence tending to contradict this testimony of the plaintiff.

It is elementary that after a finding in his favor the plaintiff is entitled to have the evidence considered in its aspect most favorable to him and that the trial judge may have discredited all the evidence tending to contradict the testimony of the plaintiff upon essential features of the case. At the close of the evidence the defendants presented many requests but rely now only upon the refusal of the trial judge to grant these three: (13) "That upon all the evidence the plaintiff never produced a customer under any authorization from the defendants." (33) "The plaintiff should not recover for he fails to show that his services were the efficient

or effective means of bringing about the actual sale." (35) "There is no evidence which would warrant a finding that the defendants sold the property for the purpose of avoiding the payment of a commission to the plaintiff or that otherwise they acted in bad faith with intent to defraud the plaintiff of a commission."

It is plain that a finding was justified to the effect that the defendants authorized the plaintiff to secure a customer and that he actually produced a customer who made the purchase.

The evidence equally warranted a finding that the plaintiff was the efficient cause of bringing about the sale. But for the efforts of the plaintiff it might well have been found that the actual purchaser of the house would never have come in contact with the defendants.

The conduct of the defendants justified a finding that the defendants sold the property furtively and thereafter made misleading statements to the plaintiff concerning the sale, all for the purpose of avoiding the payment of his commission.

The defendants have presented an elaborate argument based upon detached parts of the evidence directed to the support of their contention that the three requests ought to have been granted. It is not necessary to go through this extended argument in detail. The collective effect of the testimony of the plaintiff in conjunction with the conceded facts was enough to warrant the refusal of the requests and to justify the finding in favor of the plaintiff. The case is clearly distinguishable in its facts from *Field* v. *Hamm*, 254 Mass. 268, and other cases upon which the defendants rely.

*Order dismissing report affirmed.*