# DECISIONS

OF THE

# SUPREME JUDICIAL COURT

OF

# MASSACHUSETTS

---

FELIX RUSSO *vs.* JOHN J. FOSTER, executor.

Middlesex. November 17, 1939. — January 3, 1940.

Present: FIELD, C.J., DONAHUE, LUMMUS, DOLAN, & RONAN, JJ.

*Contract,* What constitutes, Consideration, Implied, Modification.

Evidence that a second mortgagee had agreed to discharge the mortgage in consideration of support and care to be furnished him by the mortgagor during his life; that, it becoming necessary to refinance the first mortgage, the second mortgage was discharged in the process and a third mortgage given in place thereof covering both the amount of the former second mortgage and further sums then lent to the mortgagor by the mortgagee; that the care and support were furnished by the mortgagor and received by the mortgagee with the understanding and intent that the mortgagor would be compensated; that the mortgagee died and there was no discharge of the later mortgage, did not require a finding that the discharge of the original mortgage satisfied the decedent's obligation, and warranted a finding that the parties had changed the mode of payment to the mortgagor and recovery by the mortgagor on a *quantum meruit* for the value of the care and support furnished.

CONTRACT. Writ in the Second District Court of Eastern Middlesex dated July 23, 1937.

There was a finding by *Murray,* J., for the plaintiff in the sum of $1,715.01.

*J. A. McCarty,* for the defendant.
*J. J. Flynn, Jr.,* for the plaintiff.

RONAN, J.  In this account annexed the plaintiff seeks
to recover for board and room and for services rendered to
the defendant's testatrix and for disbursements made for
her care and benefit.  The answer is a general denial and
payment.  The judge found for the plaintiff and the defend-
ant appealed from the order of the Appellate Division dis-
missing the report.

The decedent was the mother-in-law of the plaintiff.
She came to live at the plaintiff's home in June, 1933, and
continued to live there, except upon occasional visits to
friends, until December 4, 1936, when she went to a hospital
where she died within a few days.  It was mutually agreed
between the plaintiff and the decedent that she should con-
tinue to live at his home.  She said that "she had a mortgage
on the plaintiff's property of $3,000 to $3,500 to protect
her, as the plaintiff might die first and she wanted the in-
come, but she would discharge the mortgage so the plaintiff
wouldn't have to pay it, and the plaintiff replied that was
all right."  This was a second mortgage upon the plaintiff's
real estate in Waltham.  On February 20, 1936, it became
necessary to refinance the first mortgage on these premises
which was then held by a trust company in the process of
liquidation.  A Boston bank took a new first mortgage of
$30,000; the former first mortgagee took a second mortgage
of $1,800 and the second mortgage, held by the decedent,
was discharged; and a new third mortgage for $5,500 was
given by the plaintiff to the decedent.  There was evidence
that the testatrix had furnished additional money for the
plaintiff at the time he gave her this new third mortgage.
The testatrix did not discharge this third mortgage during
her lifetime or by any provision in her will.  The plaintiff
did not base his claim entirely upon an express contract; he
was entitled to show all the circumstances attending the
rendition of the services, the nature, extent and value of
them, that at the time they were rendered he expected to
be paid, and that the decedent understood that he was to
receive compensation.

The oral agreement by which the decedent promised to
discharge the second mortgage in consideration of the plain-

tiff's promise to furnish her with room and board at his home, and to make disbursements for her care, could have been found to have been modified when both parties agreed to the discharge of the existing second mortgage — the means by which the plaintiff was to be compensated. The parties could change their agreement, and the new agreement substituted for the original could be found to be supported by the consideration upon which the latter was based. *Narragansett Amusement Co.* v. *Riverside Park Amusement Co.* 260 Mass. 265. *Tashjian* v. *Karp,* 277 Mass. 42. *De-Blois* v. *Boylston & Tremont Corp.* 281 Mass. 498. But a change in the original agreement did not require a subsequent express contract and such change could be effected by an implied agreement, which, though more difficult to prove than an express agreement, would, when established, be sufficient to show that a new agreement had been substituted for the former one. *Hobbs* v. *Columbia Falls Brick Co.* 157 Mass. 109. *Flaherty* v. *Goldinger,* 249 Mass. 564. *McCormick* v. *Proprietors of the Cemetery of Mount Auburn,* 285 Mass. 548.

It was competent for the plaintiff to show the original agreement and the subsequent conduct of the parties as tending to prove that when he rendered the services and made the disbursements he expected to be paid and the decedent understood that she was to compensate him; and that the discharge of the second mortgage made no change in the contractual relation existing between the parties, excepting only in the manner by which the plaintiff was to be paid. *Morrissey* v. *Morrissey,* 180 Mass. 480. *Spencer* v. *Spencer,* 181 Mass. 471. *Butler* v. *Butler,* 225 Mass. 22. *Sherry* v. *Littlefield,* 232 Mass. 220. *Donovan* v. *Walsh,* 238 Mass. 356.

The defendant contends that, if there was any agreement to compensate the plaintiff, there was a full performance by the decedent when she discharged the second mortgage. The consideration for this discharge was a question of fact, and a finding would be warranted that it was not given in payment of the present claim of the plaintiff but was a part of the consideration for which the new third mortgage was

given to the decedent. The trust company demanded payment of its mortgage which then amounted to $31,800 and a Boston bank took a new first mortgage for $30,000. The trust company took a new second mortgage for $1,800. The decedent, in order to permit the refinancing of this mortgage, paid the trust company various sums, the amount of which is not disclosed by the record, for unpaid interest and other charges. We think upon all the evidence that a reasonable inference could be drawn that the third mortgage represented the amount due upon the second mortgage, together with the further sums that the decedent had advanced to the plaintiff on account of the mortgaged property. This view of the evidence is supported by the conduct of the parties. The discharge of the second mortgage was not occasioned by any desire upon the part of the decedent to pay the plaintiff, as both parties understood that no discharge was to be given for this purpose during the lifetime of the decedent, and the plaintiff was not to be compensated until all the services had been rendered and all the disbursements for her benefit had been made. In other words, the plaintiff's claim had not matured when the discharge was given. In the next place, the trust company was in liquidation and wanted its indebtedness paid, but the decedent was apparently unable or unwilling to advance the further sum of $1,800 to satisfy the indebtedness to the trust company. On the whole evidence, the finding of the judge, which must be implied from the general finding for the plaintiff, that the decedent did not put in $5,500 at the time the third mortgage was given or just prior thereto, in addition to the amount owed her on the second mortgage, was warranted. After the death of the decedent the plaintiff delivered a box containing her will and other papers to the defendant, but the record does not disclose that the defendant introduced any documents to show that at the time the third mortgage was given the decedent advanced for the plaintiff's benefit the amount of this third mortgage in addition to the amount represented by her second mortgage. The finding of the trial judge in favor of the plaintiff is not to be reversed if it can be supported upon any possible view of the evidence.

*Winchester* v. *Erickson*, 281 Mass. 210.   *O'Toole* v. *Magoon*, 295 Mass. 527.

The plaintiff is not seeking to recover the value of the second mortgage at the time of its discharge, but is merely seeking to recover the fair value of the services rendered the decedent by him and the disbursements made for her benefit.   The finding was warranted that there was a failure of consideration and that the plaintiff was entitled to be compensated in the amount found by the judge.   *Cromwell* v. *Norton*, 193 Mass. 291.   *Dixon* v. *Lamson*, 242 Mass. 129. *Raine* v. *Shea*, 259 Mass. 412.

The defendant did not contend that the amounts charged by the plaintiff were unreasonable if the estate was liable, and, as the trial judge by his treatment of the defendant's requests shows that recovery was based upon a contractual relation between the plaintiff and the decedent, we perceive no error in his refusal to grant such of the requests as were denied.

*Order dismissing report affirmed.*