Wilson, J.
This is an action of contract. The plaintiff seeks judgment against both defendants upon a promissory note with interest. The answer of the defendants consists of a general denial, a plea of payment, a denial of the genuineness of their signatures, a denial of consideration, a failure of consideration, and a plea of the statute of limitations.
At the trial there was evidence tending to show:
The defendant, Isabel Porter, owned a farm, and her husband the defendant, Fred A. Porter, was operating and managing the farm for her. In the management of the farm she left it all to him to do as he saw fit. The plaintiff loaned the defendant, Fred A. Porter, money from time to time to pay taxes and interest on the mortgage on said farm and to pay wages for labor to men working on said farm. For a part of such wages, a complaint was lodged against the defendant, Fred A. Porter, by the Commission of Labor and Industries for failure to pay wages. During the year 1934, the defendant, Fred A. Porter, filed a petition in bankruptcy and scheduled the plaintiff as a creditor for the amount of the debt due him. He never received his discharge in bankruptcy. After the filing of the petition in bankruptcy, the husband came to the office of the attorney for the plaintiff, avowed the debt and expressed a willingness to sign a note for the debt. Thereupon the attorney made out the note which the plaintiff took out to the farm and it was signed by both defendants and their signatures were witnessed.
There was a finding for the plaintiff against the defendant, Fred A. Porter, in the amount of said note with interest from the date of the writ, and for the defendant, Isabel Porter.
*329 Both parties filed requests for rulings, and those now material, together with the findings and rulings of the trial judge thereon, are as follows:

Plaintiff’s requests for rulings:

“2. If it is found that the defendants were indebted to the plaintiff prior to the date of the note, such indebtedness was sufficient consideration to support the promissory note.” “Allowed as to Isabel Porter. Denied as to Fred A. Porter.”*
“4. If it is found that the defendant, Isabel Porter, signed the note as a joint and several maker with full knowledge of its tenor and that the note was given for money lent by the plaintiff to the husband, a good consideration for the wife’s promise is shown.” “I find no present consideration for wife’s signature. Denied.”
“5. If it is found that the defendant, Fred A. Porter, signed the note as a joint and several maker the full knowledge of its tenor and that the note was given for money lent by the plaintiff to the wife, as good consideration for the husband’s promise is shown.” “I find money loaned Fred A. Porter. Denied because this request contains facts not foimd by me.”
“7. On all the evidence there must be a finding for the plaintiff against both defendants for the following reasons:
(a) There was ample consideration to support the giving of the note.
(b) The defendants signed the note.
(e) There was no competent evidence of payment of the whole or any part of said note.” “1 find that although Isabel Porter signed the note there was no consideration to support the same. Allowed as to Fred A. Porter. Denied as to Isabel Porter.”

Defendants’ requests for rulings:

“1. On all the law the defendants are entitled to a verdict in their favor.
*330 “2. On all the evidence the defendants are entitled to a verdict in their favor.
“3. On all the law and the evidence the defendants aré entitled to a verdict in their favor.” “Denied as to Fred A. Porter. Allowed as to Isabel Porter.”
“4. The evidence warrants a finding that there was no consideration given by the plaintiff to the defendants, for the notes sued on.” “I find consideration given to Fred A. Porter but not to Isabel Porter.”
The issues in the instant case can be said to be:
1. Was the trial court required to find and rule that the defendant, Isabel Porter, signed the note in suit for the accommodation of Fred A. Porter, or could it be found that she signed for the accommodation of the plaintiff?
2. Was the trial court required to find and rule that present consideration existed as between the plaintiff and the defendant, Isabel Porter?
3. Was the trial court required to find and rule that the loans were made by the plaintiff to the defendant, Fred A. Porter, as agent of his wife, Isabel Porter?
An accommodation party is defined by statute as follows:
“An accommodation party is one who has signed the instrument as maker, drawer, acceptor or endorser, without receiving value therefor, and for the purpose of lending his name to some other person. Such a person is liable on the instrument to a holder in due course, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party.”
General Laws (Ter. Ed.) c. 107, § 52.
The defendant, Isabel Porter, was not liable to the plaintiff if she signed for his benefit or accommodation. Seager *331 v. Drayton, 217 Mass. 571. Neal v. Wilson, 213 Mass. 336, 338. Whether the plaintiff was the party for whose accommodation the defendant, Isabel Porter, signed the note, was a question of fact for the trial court in his fact finding capacity. Salem Trust Company v. Deery, 289 Mass. 431, 436. Seager v. Drayton, 217 Mass. 571, 572. Tanners National Bank of Woburn v. Dean, 283 Mass. 151, 154.
Inasmuch as the defendant, Isabel Porter, denied in her answer that there was consideration for said note, the burden of proof of consideration is upon the plaintiff. Seager v. Drayton, 217 Mass. 571, 572. Lombard v. Byrne, 194 Mass. 236. Whether there was valid consideration for the signature of the defendant, Isabel Porter, was also a question of fact for the trial judge to determine upon the evidence presented and the reasonable inferences to be drawn therefrom: Seager v. Drayton, 217 Mass. 571, 572. Willard v. Greenwood, 228 Mass. 549, 551.
If there is any evidence set out in the report which purports to contain all the evidence, taken with all reasonable inferences to be drawn therefrom, to support the finding of the trial court, then the report must be dismissed. Winchester v. Erickson, 281 Mass. 210. O’Toole v. Magoon, 295 Mass. 527. Russo v. Foster, 305 Mass. 1. Where on all the facts more than one inference may be drawn the question of whether the burden of proof has been sustained is one of fact and cannot be ruled as matter of law. Ambrose v. Boston Elevated Railway, 309 Mass. 219, 222. MacLean v. Neipris, 304 Mass. 237, 238.
The trial court was justified in finding that the signature of the wife to the note was without consideration. So far as appears from the report, there was no promise to forbear suing the husband. Indeed, it could have been found that the plaintiff benefited because the husband did not further pursue his bankruptcy but gave a new note signed *332 by himself and his wife, for the accommodation of the plaintiff. The transaction was one of distinct advantage and not of detriment to the plaintiff, and there was no new consideration for the note or promise of the wife.
It was said in Widger v. Baxter, 190 Mass. 130, 132: “A wife’s note, given to a third person in payment of her husband’s debt, is for a valuable consideration; but a note given as security for such a debt, previously existing, is not. To make a note of the latter kind valid there must be a new consideration. In the case supposed, the wife obtains nothing, and there is no consideration moving from either party to the other.”
It seems to us that this is conclusive authority for the decision of the trial judge on this branch of the instant case.
The plaintiff also now claims that the loans, for which the note in suit was given, were made to the husband as agent for the wife and, therefore, she is liable for her own debt. But whether the husband was acting in his own behalf or as agent for his wife has been repeatedly held to be a question of fact for the trial court. Arnold v. Spurr, 130 Mass. 347. Wheaton v. Tramble, 145 Mass. 345. Dyer v. Swift, 154 Mass. 159. Gannon v. Shepard, 156 Mass. 355. Simes v. Rockwell, 156 Mass. 372. Beston v. Amadon, 172 Mass. 84.
It has been repeatedly said that the duty of a trial judge sitting without jury “performs a dual function. He must adopt correct rules of law for his guidance and find the facts as guided by these rules. And upon proper requests therefor he must state the rules of law adopted by him for his guidance as a trier of fact in order that the right of review thereof may be preserved.” Adamaitis v. Metropolitan Life Ins. Co., 295 Mass. 215, 219.
*333 No request filed by the plaintiff raised the question of agency before the trial court. It cannot be raised in the first instance in a proceeding for review. Baker v. Davis, 299 Mass. 345, 346, and cases there cited.
The defendants in open court waived any rights which they had to claim error because of the disposition of requests for rulings filed by them.
If, however, the plaintiff has a right to claim error with regard to any requests filed by the defendants which were given by the trial court (Mute v. Deslauriers, 292 Mass. 405), it is sufficient to say that whether there was consideration for the note, was a question of fact for the trial court We are of opinion that the action of the trial court was without error and the report is, therefore, dismissed.

Rulings and findings on each of the requests are printed in italics following the request.