### Skillman v. The Chicago, Milwaukee and St. Paul Railway Company.

**Railroads:** RIGHT OF WAY: FORFEITURE BY ABANDONMENT: CONSTRUC-
TION OF STATUTE: CONSTITUTIONALITY. Section 1260 of the Code,
as amended by chapter 15, Laws of 1880, providing that "in any
case where the construction of a railway has been commenced by
any corporation or person, and work on the same has ceased and
has not been in good faith resumed by any corporation or person
for a period of eight years, the land and title thereto shall revert to
the owner of the section, subdivision, tract or lot from which it
was taken," does not require that the eight years must have run
after the enactment of the statute, but applies to a case where the
work was begun and abandoned prior to the enactment of the
statute, and not resumed until after the enactment of the statute,
and more than eight years after the abandonment. And such con-
struction of the statute does not make it retroactive, and, there-
fore, unconstitutional, since it does not create a suspension of
work, but only declares the effect of a suspension. Nor is such
construction unconstitutional on the ground that it interferes with
vested rights, impairs the obligation of contracts, and deprives the
company of property without due process of law; for the right is
but an easement attached to the use of the land for a public pur-
pose, and when that use is abandoned the right ceases.

*Appeal from Keokuk District Court.*—HON. W. R.
LEWIS, Judge.

FILED, OCTOBER 10, 1889.

THE defendant constructed and operated a railroad
over plaintiff's land, who thereupon, under the statute,
instituted an *ad quod damnum* proceeding for the
value of the land thus taken and appropriated, and
recovered judgment therefor upon the assessment of the
sheriff's jury. The defendant appealed to the district
court, and filed an equitable answer and cross-bill,
which plaintiff answered, setting up defenses thereto.
The cause appears to have been transferred to the chan-
cery docket, and tried as an equitable action. A decree
was entered declaring that plaintiff is entitled to have
his damages for the appropriation of the land by the
defendant assessed in the *ad quod damnum* proceedings,
which shall remain on the docket for the trial of the
issues arising thereon. The defendant appeals.

*Chambers, McElroy & Roberts*, for appellant.

*Harned & Mohland* and *Sampson & Brown*, for appellee.

BECK, J.—I. The *ad quod damnum* proceeding was commenced in 1884. The defendant's answer, filed upon the appeal in the district court, alleges that it was in possession of the land in question at the time the proceeding was commenced, and occupying it with the railroad tracks. It shows that it derives the title and right to the occupancy of the land under certain deeds conveying the right of way to defendant's grantors, and finally to defendant; that plaintiff conveyed the right of way in 1867 to the St. Louis and Cedar Rapids Railway Company which constructed the roadbed upon the land in that year, or soon after. Defendant holds title by certain original and mesne conveyances, transferring to it the title acquired by the St. Louis and Cedar Rapids Railway Company, which need not be more particularly referred to in this connection. The defendant, in its cross-bill, shows that a conveyance of the right of way under which it holds misdescribes a part of the land occupied by its railroad, and asks for a proper correction of the mistake. The plaintiff, in answer to defendant's cross-bill, alleges that in 1871 the construction of the railroad over his lands was abandoned, and was only resumed in 1883 by defendant, and thereby defendant acquired no interest in the lands in suit, and no right to occupy them for purposes connected with its railroad. The question thus raised by the pleadings, involving the abandonment of the right of way, is decisive of the case, and first demands our attention.

II. Code, section 1260, as amended by chapter 15, Acts Eighteenth General Assembly, provides that "in any case where the construction of a railway has been commenced by any corporation or person, and work on the same has ceased, and has not been in good faith resumed by any corporation or person for a period of eight years, the land and the title thereto, shall revert to the owner of the section, subdivision, tract or lot from

which it was taken." The evidence shows beyond controversy that the work upon the railroad now owned by defendant ceased in 1871, and was in no manner resumed until 1883, when defendant proceeded to build and complete it. A period of about twelve years intervened between the abandonment of the work and its resumption by defendant, which was about three years after the enactment of the statute above quoted. That more than eight years intervened between the cessation of work on the railroad and its resumption is not denied. The language of the statute plainly applies to the case of railroads which had been commenced and abandoned before the enactment of the statute, and whereon work was resumed within a period of less than eight years thereafter. The interpretation that the period of eight years must have run after the enactment of the statute is in conflict with the construction demanded by the grammatical rules of our language.

III. But counsel for defendant insists that this construction, if recognized, gives a retrospective effect to the statute, and is therefore void. Without conceding that the statute is void if in some instances it has a retroactive effect, we express the opinion that the statute in question has no such effect. It provides that a suspension of work for eight years operates as the abandonment of the railway. It applies to all cases where there has been a suspension for eight years. It does not create a suspension for the specified period, or any part thereof. It simply prescribes the effect of such a suspension. Neither does it provide that an abandonment shall be declared for a suspension not had. It does not attempt to give effect to a suspension before it happened.

IV. Counsel for defendant insist that the statute in question interferes with vested rights, impairs the obligations of contracts, and deprives the holder of the right of way in question of its property therein without due process of law, and is therefore in conflict with familiar constitutional guaranties. Brief consideration, we think, will show that these objections to the

statute are without foundation. The right of way in question is an easement,—the right to occupy land for purposes connected with the rights and franchises of a public carrier. The property right of the holder of a right of way does not attach to the land independent of, and disconnected from, its use for public purposes. Its occupancy and public use, present or prospective, when the land may be prepared for such use, must run together. If the public use becomes impossible or is abandoned, the right to hold the land ceases. It cannot be that corporations and individuals may acquire easements and never use them, yet hold the land upon which they are located. When there ceases to be an easement, present or prospective, there ceases to be anything to which the holder of the easement can hold. Indeed, the very thing which he acquired has vanished, and of course he ceases to hold any property, for the subject of the property no longer exists.

Keeping in view the fact that the prior grantors of defendant had but an easement in the land, and such easement has been abandoned under the provisions of the statute, it requires neither argument nor authority to convince the mind that defendant has no vested rights by contract to hold that which it has abandoned, and no property subject to deprivation without due process of law, which are protected by the constitutional guaranties to which we have just referred.

V. We reach the conclusion that defendant held no right to the land upon which the right of way was located, and its possession thereof was without authority. It is therefore liable to the plaintiff, the owner of the land, for the value thereof which shall be assessed in the *ad quod damnum* proceedings.

The questions in the case attracting much attention, which involve the rights of the parties under the deed misdescribing a part of the land in controversy, and other questions in the case, need not be discussed, as the judgment of the district court, for the reasons we have presented, must be          AFFIRMED