STATE OF IOWA, Appellee, v. HENRY NOTT, Appellant.

**CRIMINAL LAW: Evidence—Motion to Strike—No Grounds Given.**
1   No question is raised or preserved by motions to strike testimony unaccompanied by any ground or reason therefor.

**HOMICIDE:** Evidence—Threats of General Nature. Evidence of
2   threats may be admissible though not leveled directly at or directly concerning deceased.

PRINCIPLE APPLIED: Charge murder. Conviction for manslaughter. Defendant, a town marshal, in making an arrest beat the prisoner with his ''billy'' and death immediately ensued. Recently before this, defendant, in reference to another man who had been beaten (but apparently not by defendant) into insensibility in the same place, remarked, ''I am going to get some more of them in the same way.'' *Held,* admissible because, though general in its nature, it might have included deceased.

CRIMINAL LAW: Instructions—Objections to Before Reading—
Waiver. All objections or exceptions to instructions are waived if not made before the instructions are read to the jury. (Sec. 3705-a, Sup. Code, 1913.)

CRIMINAL LAW: Instructions—Objections to—When Made. Objections to instructions, made for the first time on appeal, will not be considered (and see Sec. 3705-a, Sup. Code, 1913).

CRIMINAL LAW: Included Offenses—Submission of—''Manslaughter or Nothing.'' No offense below manslaughter need be submitted if the state of the evidence shows that defendant is either guilty of murder or manslaughter or ''not·guilty.''

HOMICIDE: Peace Officer—Self-Defense—Retreat—Assistance. A peace officer who is in the discharge of his duty in attempting to make an arrest .and is assaulted is not bound to retreat or call for assistance.

PRINCIPLE APPLIED: Defendant was a town marshal. In attempting to make an arrest he hit the deceased and death resulted. The court in substance gave the·following instruction: ''That the defendant in making the arrest had the right to meet force with force, and if the resistance were violent and determined was not bound to make nice calculations as to the degree of force necessary to accomplish the purpose, but might exert such reasonable degree of force as might appear reasonably necessary to make the arrest and prevent escape, though he might not take life nor inflict great bodily harm in order to make the arrest unless he has a reasonable apprehension of peril to his own life or of suffering great bodily harm.'' *Held* to sufficiently advise the jury that the officer was not bound to retreat or call for assistance.

CRIMINAL LAW: New Trial—Motion for—Affidavit of Fact—Hearsay. A motion for new trial in a criminal case on a ground not appearing of record must be supported by an affidavit of facts, not hearsay.

CRIMINAL LAW: Motion for New Trial—When to be Made—Amendment After Judgment. A motion for new trial in criminal cases must be made before judgment. (Sec. 5425, Code.)

PRINCIPLE APPLIED: After sentence had been pronounced defendant filed an amendment to his former motion for new trial. *Held* unauthorized, but court says: ''If ever permissible, even

at the same term (it) must be supported by a prima-facie show-
ing of error.''

*Appeal from Taylor District Court.*—HON. H. K. EVANS,
Judge.

TUESDAY, OCTOBER 20, 1914.

REHEARING DENIED TUESDAY, JANUARY 26, 1915.

THE defendant was accused of murder and convicted of
manslaughter. He appeals.—*Affirmed.*

*McCoun & Brant,* for appellant.

*George Cosson,* Attorney General, and *John Fletcher,*
Assistant Attorney General, for appellee.

LADD, C. J.—The defendant was marshal of the incor-
porated town of Gravity and on April 22, 1913, struck Ed
Brand on the head with a ''billy,'' thereby causing his death.
The evidence tended to show that Brand was intoxicated; that
this was made an offense by the town ordinances and that
thereunder it was the duty of defendant to arrest Brand and
that the killing occurred in attempting so to do. Whether
defendant struck Brand once only with his ''billy'' or repeat-
edly was in dispute. The evidence of the state tended to show
that Brand had jerked away from defendant once or twice;
that then defendant struck him at least twice and that when
Brand was on his knees with his hand up pleading for time,
defendant delivered the fatal blow. On the other hand,
defendant testified that when he took hold of Brand and told
him to consider himself under arrest, he jerked away twice
and then they clinched and, quoting:

''He struck me twice, once on the shoulder and once on
the neck. . . . I did not hit him with my billy up
to the time I threw him over the bank. After he went down
over the bank he fell on his knees and I went down in front
of him. He put up his hand and says 'couldn't you wait a
minute.' I says yes, he got up on his feet, he spilled som.

papers. I then stood there and looked at him. I then grabbed
hold of him when he was down off the bank, was going to pull
him down and he asked me if I couldn't wait. . . .
After I was trying to pull him down he asked me to wait a
minute, he said he would go with me. He got up and walked
upon the bank and I picked up his papers and gave them to
him. I says Ed come along and go now. He says 'you
damned son-of-a-bitch I won't do it, I will cut your guts out'
and drew his knife. I hit him at the side of the head, I didn't
aim any more than to prevent him hitting me with the knife.''

1. CRIMINAL
LAW: evi-
dence: motion
to strike: no
grounds
given.

I. One Houk was asked, ''What, if any-
thing, did you notice about him (deceased)
when you met him at the barn?''
A. ''Well, he was kind of give out.''

The defendant moved to strike the answer without naming
any ground therefor. The motion was rightly overruled.

One Downing was allowed to testify over objection that
he and defendant had been talking about a party who had
recently been beaten into insensibility in Gravity and that

2. HOMICIDE:
evidence:
threats of
general
nature.

defendant then said he was going to get some
more of them in the same way. This was in
the nature of a threat which, though general,
might have included deceased and evidence
concerning it was for that reason admissible. *State v. Win-
dahl*, 95 Iowa 470.

II. Appellant criticizes several of the instructions, but as
exceptions thereto were not preserved in the manner exacted

3. CRIMINAL
LAW: instruc-
tions: objec-
tions to be-
fore reading:
waiver.

by Secs. 3 and 4 of Chap. 289 of the Acts of
the Thirty-fifth General Assembly (Secs.
3705-a and 3705-b, Code Sup. 1913), these
cannot be considered. These sections read:

''Sec. 3. All requests for instructions must be presented
to the judge before the argument to the jury is commenced
and before reading his charge to the jury. The judge, before
reading his charge to the jury, shall present all instructions

to counsel on either side, each of whom shall have a reasonable time in which to examine the same. All objections or exceptions thereto must be made before the instructions are read to the jury and must point out the grounds thereof specifically and with reasonable exactness; but upon a showing in a motion for a new trial that an error in such instructions was not discovered by the party claiming the error at the time of trial, such objections or exceptions may be made in the same manner in such motion for a new trial and no other objection or exception to the instructions shall be considered by the supreme court on appeal, except those made as above provided. The objections or exceptions must point out specifically the exact grounds thereof, and no other objections or exceptions shall be considered by the trial court upon motion for a new trial or otherwise, or by the supreme court upon appeal.

"Sec. 4. This act shall not apply to any proceedings had or be given a retroactive effect, save as to actions pending which have not yet been submitted to a jury."

**4. CRIMINAL LAW: instructions: objections to: when made.** No objections or exceptions to instructions were made before these were read and none to the instructions 10 and 16 were mentioned in the motion for new trial. These then cannot be reviewed.

**5. HOMICIDE: included offenses: submission of: "manslaughter or nothing."** III. Brand died almost immediately in consequence of the injury inflicted and for this reason there was no error in not submitting included offenses below manslaughter.

IV. Complaint is made that the court did not instruct with reference to when a person should withdraw from an encounter and when an officer should call assistance. In the

**6. HOMICIDE: peace officer: self-defense: retreat: assistance.** 17th instruction the jury was told in substance that defendant in making the arrest had the right to meet force with force, and if the resistance were violent and determined, was not bound to make nice calculations as to the degree of

force necessary to accomplish the purpose, but might exert such reasonable degree of force as might appear reasonably necessary to make the arrest and prevent escape; though he might not take life or inflict great bodily harm in order to make the arrest unless he has a reasonable apprehension of peril to his own life or of suffering great bodily harm. This sufficiently advised the jury that the officer was not bound to retreat or call for assistance. *State v. Weston,* 98 Iowa 125; *Boykin v. People,* 22 Col. 496, 45 Pac. 419; *Lynn v. People,* 170 Ill. 527, 48 N. E. 964.

V. The day after motion for new trial was overruled and sentence pronounced, defendant filed an amendment to the motion for new trial asking that the judgment be set aside and a new trial awarded on the ground that 7. CRIMINAL LAW: new trial: motion for: affidavit of fact: hearsay. one of the jurors was so unbalanced or deranged of mind that he was unable to intelligently deliberate on the verdict and was incapable of returning the same, and prayed that evidence bearing thereon be received. The motion was rightly overruled for that it was entirely unsupported by any affidavit of facts. True, attorneys for defendant made a showing that they believed upon diligent inquiry they would be able to prove the assertions of the motion. This was based on the merest hearsay, and not sufficient basis on which to impeach a verdict. *State v. Tyler,* 122 Iowa 125.

Moreover, the filing of such a motion after judgment is not authorized by the Code (*State v. Dudley,* 147 Iowa 645, 647), and if ever permissible, even at the 8. CRIMINAL LAW: motion for new trial: when to be made: amendment after judgment. same term, must be supported by prima-facie showing of error. This was not done, and there was no error in denying the amendment to the motion.—*Affirmed.*

DEEMER, GAYNOR and WITHROW, JJ., concur.