STATE OF IOWA, Appellee, v. WILLIAM STANTON, Appellant.

**CRIMINAL LAW:** Trial—Instructions—Objections—Necessity for.
1 Failure to save exception to instructions precludes consideration of errors assigned on appeal. (Sec. 3705-a, Sup. Code, 1913.)

**BURGLARY:** Evidence—Recent Possession of Stolen Property. It
2 is impossible to say just how *recent* the possession of stolen property must be, in order to justify a conviction of burglary. The nature of the property, the *exclusiveness* of the possession, and all the concomitant circumstances must be considered.

PRINCIPLE APPLIED: Several pieces of cloth and several pairs of trousers were stolen near March 1st by means of a burglary. Three months later, defendant took some of the cloth to a tailor to be made into garments. A month following, he took another portion of the cloth to another tailor for a like purpose. Over four months after the burglary, his premises were searched and part of the property discovered. There was evidence tending to show guilty concealment of the property in a trunk. His defense, which was corroborated, was that he had purchased part of the property in April of an unknown peddler and that other portions had been left on his premises by a former employee. *Held,* the possession and attendant circumstances justified conviction.

*Appeal from Polk District Court.*—HON. HUGH BRENNAN, Judge.

TUESDAY, NOVEMBER 16, 1915.

The defendant was convicted of the crime of burglary and appeals.—*Affirmed.*

*C. O. Holly* and *Chester J. Eller,* for appellant.

*George Cosson,* Attorney General, and *John Fletcher,* Assistant Attorney General, for appellee.

LADD, J.—That someone broke and entered the tailor shop of William Caldbeck about March 5, 1914, and took therefrom several pieces of cloth and several pairs of trousers, was fully established by the evidence. The main issue is whether the accused was the guilty party. It is undisputed that he took cloth to Morgan, a tailor, and had two suits of clothes and a pair of trousers made therefrom, about the middle of May or fore part of June of that year, and that also, in the latter part of June or early in July, he took to one Sicilia two pieces of goods, to be made up into a suit of clothes and an overcoat. These goods were identified and, when his premises were searched, about the middle of July, he claimed to have been unable to find a key to his trunk and said it contained a "bundle of dirty underclothes"; but when it was opened, a suit of clothes made by Morgan was found therein, and also a piece of goods and a pair of trousers, all fully identified as those taken from the tailor shop. Hanging in the room, also, was a pair of trousers belonging to a customer of Caldbeck's, and two other pairs taken from the shop. The defendant interposed the defense that, some time in April, he purchased the cloth of a Jewish peddler, whom he had met at a blacksmith shop, for the sum of $18; that he had lost the key to his trunk and had been trying to get another to unlock it, and that he told the officers that there was winter underwear in it and did not know that the suit of clothes was in the trunk; that his memory had been impaired by drinking so that he did not recall the fact; that teamsters employed by him brought to his place two of the pairs of trousers found; that the pair in the hay shed back of the house was left there by a former employee, to be cared for until he returned. Evidence was also introduced, tending to corroborate his account of meeting the peddler in a blacksmith shop, and concerning the trousers in the hay shed, to establish an alibi and to prove his former good character.

But two errors are assigned: (1) that Instruction 8 given by the court was erroneous, and (2) that the possession

alone of defendant was too remote to sustain a conviction. No

1. CRIMINAL
LAW: trial:
instructions:
objections:
necessity for.

exception to the instruction appears to have been saved. Sec. 3705-a, Code Sup., 1913; State v. Nott, 168 Iowa 617. For this reason the criticism may not be considered.

The word "recent", as applied to possession, cannot be defined as any definite time. Whether recent enough to warrant the inference of guilt necessarily depends on the circum-

2. BURGLARY:
evidence: re-
cent possession
of stolen prop-
erty.

stances of each particular case. The strength or weakness of the inference to be drawn from possession depends on the time which has elapsed between the commission of the offense and possession by the accused, the nature of the property stolen, where and how taken, the manner of such possession and other conditions disclosed. As the time between the larceny and the possession is enlarged, the necessity of additional evidence appears; and, in some cases, the fact of possession may be but a slight circumstance indicative of guilt, and there may be cases where the court should instruct the jury that something more than possession must be shown to justify conviction. State v. Perry, 165 Iowa 215; State v. Jennett, 88 N. C. 665; White v. State, 72 Ala. 195; State v. Cassady, 12 Kan. 550; State v. Miller, (Minn.) 48 N. W. 401; Jenkins v. State, (Wis.) 21 N. W. 232. In the last named case, three months had elapsed between the taking and possession, and in the next to the last, eleven months. In Porter v. State, 45 Tex. Crim. Rep. 66, possession of wagon wheels, in the circumstances disclosed, a year after their theft was held not to warrant the conviction of larceny. The lapse of six months from the stealing of a horse before it was found in the possession of the accused, was held not to sustain a conviction in Bragg v. State, 17 Tex. Court of App. 219. Finding an axe, a saw and mattock in the possession of the accused three months after being missed was held too remote to sustain conviction in Rex v. Barnett, 3 C. & P. 600.

Here the accused admitted having acquired possession

of the pieces of cloth sometime in April, and his explanation as to the two pairs of trousers hanging in his room was not very satisfactory, to say the least. Such merchandise as the pieces of cloth does not readily pass between individuals except when sold by merchants, and the purchase of so many, even of a peddler, would seem an unusual transaction. Moreover, if the officers are to be believed, he misrepresented concerning the contents of his trunk. The loss of the key was opportune.

In view of the circumstances disclosed on the trial, we are inclined to regard the issue as to whether the possession of defendant was so recent as that guilt might be inferred therefrom as solely for the jury. With its conclusion, we ought not to interfere.—*Affirmed.*

DEEMER, C. J., GAYNOR and SALINGER, JJ., concur.