SAM JOHNSON, Appellee, v. LOUIS BERNSTEIN, Appellant.

**PRINCIPAL AND SURETY:** Release of Surety—Landlord and Tenant—Novation. A surety for the payment of the rent of leased premises by the lessee (the principal) is not released by showing the naked fact that some third party, and not the principal, occupied the premises, subletting not being forbidden by the lease. The surety must go further and show a novation—that the landlord had actually accepted the third party as his tenant, or had in some manner changed the obligation of the principal.

**TRIAL:**  Instructions—Objections and Exceptions—Oral Instructions
2 —Specifying Objections.  The fact that instructions are orally
given under agreement of the parties does not release a party
objecting thereto from the obligation to "specifically point out
the exact grounds of objections," in the motion for new trial.
(Sec. 3705-a, Code Supp., 1913.)  An assignment that there was
error in each and every instruction given is entirely too general.

**APPEAL AND ERROR:.**  Waiver of Error—Motion for Directed
3 Verdict Before Evidence Closed.  A defendant who moves for
directed verdict in his favor at the close of plaintiff's evidence,
because of insufficiency thereof, suffers an adverse ruling, and fails
to renew the motion at the close of all the evidence, even failing
to raise the question in motion for new trial, waives any error in
such ruling, and precludes himself on appeal from urging the
insufficiency of the evidence.

*Appeal from Pottawattamie District Court.*—J. B. ROCK-
AFELLOW, Judge.

SATURDAY, DECEMBER 18, 1915.

REHEARING DENIED MONDAY, DECEMBER 18, 1916.

ACTION on a bond resulted in a verdict and judgment
thereon for plaintiff.  The defendant appeals.—*Affirmed.*

*Mayne & Green,* for appellant.

*John P. Tinley,* for appellee.

LADD, J.—The plaintiff leased to Frank Anton a lunch
room on the premises described as No. 536 West Broadway in
Council Bluffs for one year, beginning January 15, 1912,
at a rental of $60 per month.  On the same day, the defend-
ant, Bernstein, signed Anton's bond, conditioned that:

"If the said Frank Anton, his heirs or assigns, shall well
and truly pay to the said Sam Johnson the above stipulated
rent promptly and punctually, as provided in the lease this
day executed between the parties hereto, and shall well and
truly comply with all of the requirements of said lease, then

these presents to be void. Otherwise to be and remain in full force and effect.''

I.   The petition alleged that $150 of the stipulated rent remained unpaid.   The answer was a general denial, and an averment that no lease was executed to Anton, but that the premises were let to a partnership composed of Pappas and Anton.   It is said that the court erred in not submitting this last issue to the jury.   Though the evidence tended to show that a copartnership, composed of the lessee and Pappas, was engaged in business on the leased premises, this was not enough to warrant the inference that such parties or firm had been accepted instead of Anton, as lessee.   The latter was not prohibited by the terms of the lease from subletting; and, if he did so, he would not be released from the obligation to pay rent, as stipulated.   If there was a novation modifying the terms of the lease, plaintiff, in order to release the surety, must have assented thereto.   The record contains no evidence of such an assent, nor that the obligation of Anton was changed in any wise.   This being so, the court rightly declined to submit the issue to the jury.

1. PRINCIPAL AND SURETY: release of surety: landlord and tenant: novation.

II.   Some of the instructions are criticized.   By agreement, they were oral; and, though they might not have been submitted to the attorneys before being given, this did not relieve the appellant from pointing out ''specifically the exact grounds'' of objection thereto, in the motion for new trial.   Section 3705-a, Code Supp., 1913.   None other may be considered.   *State v. Nott,* 168 Iowa 617.

2. TRIAL: instructions: objections and exceptions: oral instructions: specifying objections.

It is needless to add that an assignment or brief point that there ''was error in each and every instruction given,'' is entirely too general.   For this reason, that criticism of instructions other than above will not be considered.

III.   Again, appellant urges that a verdict for defendant should have been directed.   The point was not saved

in the trial court. At the close of plaintiff's evidence, a motion to direct a verdict for defendant was

**3. APPEAL AND ERROR: waiver of error: motion for directed verdict before evidence closed.**

overruled. It was not renewed at the close of all the evidence, nor was the question raised in the motion for new trial. Indeed, the question of the sufficiency of the evidence was not raised in the trial court in any manner after all the evidence was before it. It cannot be raised in this court for the first time. What we have said disposes of all the errors assigned and brief points stated.—*Affirmed.*

DEEMER, GAYNOR and SALINGER, JJ., concur.