STELLA N. BERRY, Appellee, v. E. L. HARDIN et al., Appellants.

**PLEADING:** Denial of Signatures—Burden of Proof—Bills and Notes. If defendant does not see fit to deny *under oath* the genuineness of his purported signature to the instrument on which action is brought, he must assume the burden of proof to show its falsity.

APPEAL AND ERROR: Estoppel—Basing Error on Requested In-
struction.  Error may not be based on the giving of an instruction
substantially like one requested by complainant, and especially when
not excepted to prior to the reading of the same to the jury.

NEW TRIAL:  Excessive Verdict—Reduction by Agreement—Effect.
The fact that a verdict was, by agreement of the parties, reduced
something less than $20, is no evidence that the verdict was the
result of passion and prejudice.

*Appeal from Guthrie District Court.*—LORIN N. HAYS, Judge.

THURSDAY, OCTOBER 26, 1916.

ACTION upon a promissory note, purporting to have
been made by defendants, Hardin and Purdy. Defendant
Hardin made no defense, but his codefendant, Purdy, denied
his signature, or that he authorized anyone to sign the same
for him. This denial was not under oath. On the issues thus
joined, the cause was tried to a jury, resulting in a verdict
and judgment for plaintiff for the amount of the note, and
defendant Purdy alone appeals.—*Affirmed.*

*E. W. Adams, Weeks & Vincent,* for appellant.

*Fagan & Berry,* for appellee.

DEEMER, J.—I. A motion to dismiss the appeal has been
submitted with the case; but, in view of the disposition made
of the appeal, it is not necessary to consider it.

As defendant's denial of the signature to the note was
under oath, the burden was upon him to prove that he did
not sign or authorize anyone to sign the same for him. No
one saw the defendant sign the note, but it
was sent to him by mail by his codefendant,
Hardin, for signature, and Hardin received
it back by mail, with what purports to be
Purdy's signature attached thereto. It is claimed that the

1. PLEADING: de-
nial of signa-
tures: burden
of proof: bills
and notes.

verdict is without support in the testimony. It is true that defendant denied positively that he signed the note or authorized anyone to do so for him, and he also introduced various expert witnesses, who testified that, in their opinion, the signature in question was not that of the defendant. In addition to the prima-facie case made for plaintiff by the testimony of Hardin, certain admittedly genuine signatures of defendant were offered, and received in evidence, for the purpose of comparison, and these, in the opinion of the jury, may well have strengthened plaintiff's prima-facie case. In addition to this, certain experts, who examined all the signatures, testified that the one in question was made by the same person as those given them for comparison, which were admittedly genuine. This was enough to take the case to a jury, upon the issue joined.

II. Certain exhibits which bore a disputed signature were introduced in testimony, over defendant's objections. They were not received by the court as standards for comparison, and this was distinctly stated to the jury. The instruction given by the court on this subject, was as follows:

2. APPEAL AND ER-
ROR: estoppel:
basing error on
requested in-
struction.

"While Exhibits B and E have been withdrawn from your consideration as affording a standard for comparison in determining whether or not the signature to Exhibit A of the defendant S. H. Purdy is his genuine signature or not, yet said exhibits are admitted, and should be considered by you as bearing upon the credibility of witnesses who testified in relation to said exhibits, and as to whether or not they were genuine in their judgments, and you should consider them for this purpose and for no other."

This instruction was almost identical with an instruction asked by defendant, and he is in no position to complain of it. Again, the instruction was not properly excepted to, as required by recent statutes. See Sec. 3705-a, Code Supp., 1913. Moreover, the court expressly instructed that these

signatures, which were in dispute, could not be used as standards for comparison; so that there was no error in admitting the testimony.

III. By agreement of the parties, the verdict was reduced from $460.30 to $442. This is said to be evidence that the verdict was the result of passion and prejudice, and should not be allowed to stand. As the reduction was by agreement of the parties, no such deduction as counsel would have us draw, is legitimate.

3. NEW TRIAL: excessive verdict: reduction by agreement: effect.

No prejudicial error appears, and the judgment must be, and it is,—*Affirmed*.

EVANS, C. J., WEAVER and PRESTON, JJ., concur.