CITY NATIONAL BANK OF AUBURN, INDIANA, Appellant, v. M. R. MASON et al., Appellees.

APPEAL AND ERROR: Reservation of Grounds—Failure to Object to Instructions. Instructions must be objected to in order to secure review on appeal.

BILLS AND NOTES: Consideration—Want of Consideration—Evidence. A renewal note, even though extending the time of payment, is without consideration if the original note was without consideration. It follows that a defense that was pleadable to the original note is pleadable against the renewal.

TRIAL: Instructions—Applicability to Evidence. Issues wholly without support in the evidence must not be submitted. So held as to the issue of want of consideration and falsity of representations concerning a promissory note.

BILLS AND NOTES: Holder in Due Course—Defective Indorsement—Effect. The plea of holdership in due course is materially discredited when allowed to rest on an indorsement which is open to the reasonable possibility of having been made without authority. So held where the original payee was a corporation, and the indorsement was in the corporation name, "per L. A. Miller," there being no showing as to the official position, if any, occupied by "Miller," or his authority.

*Appeal from Hardin District Court.*—R. M. WRIGHT, Judge.

NOVEMBER 21, 1917.

ACTION on a promissory note resulted in judgment for the defendants. The plaintiff appeals.—*Reversed.*

*Geo. W. Ward,* for appellant.

*Williams & Huff,* for appellees.

LADD, J.—On August 12, 1913, defendants executed their promissory note to the De Soto Motor Car Co. for $522.16, payable on or before January 1, 1914. The note was transferred to plaintiff on or about October 1, 1913, being indorsed "De Soto Motor Car Co., per L. A. Miller." It was given in renewal of one of the two notes of $500 each, executed in August, 1912, the other renewal having been paid. Defendants pleaded: (1) That the original notes were without consideration; and (2) that one Field obtained said notes through the perpetration of fraud on the defendants; and these issues were submitted to the jury.

I. The instructions were not objected to, and therefore criticisms thereof may not be considered. *State v. Nott,* 168 Iowa 617; *State v. Piernot,* 167 Iowa 353; *State v. Cooper,* 169 Iowa 571; *Thomas v. Illinois Cent. R. Co.,* 169 Iowa 337; *Parkhill v. Bekin's Van & Storage Co.,* 169 Iowa 455, 468; *State v. Fisher,* 172 Iowa 462; *State v. Stanton,* 172 Iowa 477; *American Fruit Prod. Co. v. Davenport V. & P. Works,* 172 Iowa 683; *Joyner v. Interurban R. Co.,* 172 Iowa 727; *Johnson v. Bernstein,* 178 Iowa 1052; *Pengilly v. Southern Land Co.,* (Iowa) 157 N. W. 146 (not officially reported); *Gilman v. McDaniels,* 177 Iowa 76; *Hanson v. City of Anamosa,* 177 Iowa 101; *Sawyer v. Hawthorne,* 178 Iowa 407; *Berry v. Hardin,* 178 Iowa 165; *Rule v. Carey,* 178 Iowa 184; *Cohen v. Hayden,* 180 Iowa

1. APPEAL AND ERROR: reservation of grounds: failure to object to instructions.

232; *Chumbley v. Courtney,* 181 Iowa 482.

II. One of the defendants, Mason, was

2. BILLS AND NOTES: consideration: want of consideration: evidence.

asked to "tell the jury what the conversation was that you had with L. M. Field at the time and place." An objection as immaterial and incompetent was overruled. The point made in the brief is that evidence that the note was payable only upon conditions not expressed in the note was not admissible.

It is enough to say that no evidence of that kind was sought to be elicited. The evidence was tendered in order to prove want of consideration of the original notes, and that these were obtained by misrepresentations on the part of Field. The law is well settled that, if a promissory note is without consideration, a renewal thereof, even though extending the time of payment, also is without consideration. *Paxson v. Nields,* 137 Pa. St. 385 (21 Am. St. 888); *Seager v. Drayton,* 217 Mass. 571 (105 N. E. 461); *Wheelock v. Berkley,* 138 Ill. 153 (27 N. E. 942); 8 C. J. 218, and cases cited in note. The note sued on, then, stands in place and stead of the original note and is subject to like defenses, and the evidence bearing on the want of consideration of the original notes tending to establish fraud in their inception was admissible.

III. The court instructed the jury that

3. TRIAL: instructions: applicability to evidence.

the burden of proof was upon the defendants to show that plaintiff took the note with notice of the want of consideration, and it is insisted that the record was without evidence bearing thereon. We have been unable to discover any such evidence in the record, and because of its absence are of the opinion that this issue ought not to have been submitted to the jury.

IV. The defendants testified, in substance, that Field

approached them with the proposition that they purchase
a share of stock in a company to be organized, known as
the De Soto Motor Car Co., a sales and manufacturing com-
pany, saying that he had disposed of 9 shares of the par
value of $1,000 each, and the one offered was the last; that
he would guarantee a dividend of 8 per cent annually; that
he would retain their notes given for the stock until the
company was organized and the stock certificate issued,
and send it to them; that he would not sell or dispose of
the note in the meantime; that the factory was to be at Au-
burn, Indiana. In reliance on what he said, the two notes
of $500 each were given.

Neither the share of stock nor any other thing of value
was ever received by either defendant, nor has either de-
manded the share of stock. The only evidence of the fal-
sity of these representations is that of Mason, who swore
to being in Auburn, Indiana, in October, 1914, and that
"the De Soto Motor Car Company never built no factory
and had no manufacturing plant that I know of. * * *
I do not know whether or not the De Soto Motor Car Com-
pany had any factory at any time;" and that it had no
office or place of business that he could learn of; and he
based this testimony on inquiries made of men he met on
the streets, including Field. With reference thereto, the
court instructed the jury that the representation of Field
that he would deliver the share of stock, that he would
guarantee a dividend, and that he would hold the note,
would not alone constitute fraud, though the promises may
have been false; but that, if the "said Field made the fore-
going representations, coupled with the representation that
he had disposed of nine shares of stock, and had had ex-
perience in the manufacturing of automobiles, and such
statements or a portion thereof were false, and he knew
the same, or a part of the same, were false, and the de-

fendants relied upon the truth of such statements and made said note because of such reliance, then the note had its inception in fraud, and the plaintiff cannot recover in this case unless it is shown by a preponderance of the evidence that it bought said note before maturity and for valuable consideration, and without knowledge of said fraudulent acts of said Field."

Appellant contends, and rightly so, that no evidence was adduced tending to show that Field had not disposed of the nine shares of stock, as represented by him, or that he did not have experience in the manufacturing of automobiles. As there was no evidence bearing on these issues, the court erred in submitting them to the jury.

V. The burden of proof to show that

**4. BILLS AND NOTES: holder in due course: defective indorsement: effect.** the note was acquired without notice of fraud in its inception was on the plaintiff, and it insists that this was so fully met that a verdict should have been directed for plaintiff. We do not regard the evidence of that conclusive character, especially in view of the indorsement of the note by one not shown to have been an officer of the payee nor in fact nor by virtue of his employment authorized to transfer the note by indorsement, and other matters developed in the testimony of plaintiff's cashier. See *Arnd v. Aylesworth*, 145 Iowa 185; *McNight v. Parsons*, 136 Iowa 390; *Keegan v. Rock*, 128 Iowa 39; *In re Estate of Philpott* 169 Iowa 555.—*Reversed.*

GAYNOR, C. J., EVANS and SALINGER, JJ., concur.