STATE OF IOWA, Appellee, v. HARVEY SMITH, Appellant.

**MOTOR VEHICLES:** Operation—Intoxication—Evidence. Record re-
1 viewed, on the issue whether an automobile was operated by the accused while intoxicated, and held to present a jury question.

**APPEAL AND ERROR:** Presentation of Grounds of Review—Waiver.
2 Objections to instructions not presented on the trial in the time and manner required by statute are waived.

*Appeal from Poweshiek District Court.*—H. F. WAGNER, Judge.

NOVEMBER 11, 1924.

THE defendant was indicted for operating an automobile while in an intoxicated condition. He was convicted, and appeals.—*Affirmed.*

*J. H. Patton,* for appellant.

*Ben J. Gibson,* Attorney-general, *Herbert A. Huff,* Assistant Attorney-general, and *R. W. Boyd,* County Attorney, for appellee.

FAVILLE, J.—The record in the case discloses that, on Sunday morning, July 22, 1923, appellant and one Sloan started

from appellant's place, in Grinnell, in an automobile, taking
with them three small children of appellant's.
A short time thereafter, the automobile was dis-
covered in a ditch by the side of the road, south-
west of Grinnell. A milkman who came along with an automo-
bile pulled appellant's car out of the ditch, and left the same
standing diagonally across the road. He took the three children
to town with him, leaving appellant and Sloan with the automo-
bile. Later on, appellant and Sloan were found in the automo-
bile, appellant sitting at the steering wheel, and both parties in
a drunken stupor. It is appellant's contention that, after the
milkman had gone to town with appellant's children, he and
Sloan purchased some liquor from a bootlegger who came along,
and that they thereafter became intoxicated, and that appellant
at no time operated the automobile while in an intoxicated con-
dition. There is evidence tending to show that, at the time the
automobile was first discovered in the ditch by the side of the
road, appellant was intoxicated. There is also evidence tending
to show that appellant and Sloan were intoxicated at the time
they left appellant's home with the automobile.

<div style="margin-left:2em">1. MOTOR VEHI-<br>CLES: operation:<br>intoxication:<br>evidence.</div>

The most that can be said on the subject of the evidence
as a whole is that it was in conflict upon the question as to
whether or not appellant operated the automobile while in an
intoxicated condition. The record fails to show that appellant
submitted any motion for a directed verdict, or any motion for a
new trial in said cause, or that the sufficiency of the evidence
to sustain a verdict of guilty was in any way challenged or
raised in the lower court. In any event, a careful examination
of the entire record convinces us that the question as to whether
or not appellant was in an intoxicated condition at the time he
operated the automobile in question was a question for the de-
termination of the jury, and that the evidence on said question
was in conflict, and that the verdict of the jury has ample sup-
port in the record. Under such a situation, we do not reverse.

Instruction No. 11 is challenged for the first time in this
court. No exceptions were taken to any of the instructions, and,
under such circumstances, any alleged error based thereon is

deemed to have been waived. *State v. Piernot,*

**2. APPEAL AND ERROR: presentation of grounds of review: waiver.**   167 Iowa 353; *State v. Nott,* 168 Iowa 617; *State v. Cooper,* 169 Iowa 571; *State v. Stanton,* 172 Iowa 477. In any event, the instruction does not appear to be erroneous.

We find no error in any of the matters urged by appellant that requires interference on our part, and the judgment of the district court must be—*Affirmed.*

ARTHUR, C. J., and EVANS and PRESTON, JJ., concur.