INCORPORATED TOWN OF ACKLEY, Appellee, v. CENTRAL STATES ELECTRIC COMPANY et al., Appellants.

JUNE 26, 1928.

REHEARING DENIED SEPTEMBER 28, 1928.

*C. H. E. Boardman,* for appellants.

*F. J. McGreevy,* for appellee.

WAGNER, J.—The plaintiff is an incorporated town. The defendant Central States Electric Company is a public utility company, engaged in the business of furnishing electrical energy. The defendant Marshall Canning Company is a concern which heretofore operated in the north part of the plaintiff town. The defendant Hadley is engaged in business in the town of Ackley, and his place of business is in an easterly direction from that of the Marshall Canning Company, and several blocks therefrom.

This case has been before this court on appeal from an order or decree granting a temporary injunction against the defendants. See *Incorporated Town of Ackley v. Central States Elec. Co.*, 204 Iowa 1246.

The utility company has constructed its high-tension line up to the southern limits of the town. The Marshall Canning Company erected a line of poles between its plant and the terminus of the line constructed by the utility company, and by arrangement with the utility company placed thereon a wire, or wires, connecting with those of the utility company, thereby receiving electrical energy for its use in the operation of its plant. Its line of poles is, in the main, constructed on the grounds of the right of way over which the Minneapolis & St. Louis Railway Company operates, but a small portion of it is located outside of the right of way, on real estate owned by a private individual. The Minneapolis & St. Louis Railroad and the Illinois Central Railroad cross in the northerly part of said town. Hadley's place of business is in close proximity to the Illinois Central Railroad. He has erected a line of poles over the right of way of the Illinois Central Railroad from his place of business in a westerly direction, and, by arrangement with the other two defendants, has placed a wire or wires thereon, connecting with the wires of the Marshall Canning Company. By this method, he is furnished at his place of business with electrical energy coming from the utility company. None of the defendants have a franchise, as required by Section 5904 *et seq.* of the Code of 1924, authorizing the construction of a line within the plaintiff town.

Prior to the time when the defendant Hadley connected the line constructed by him with the line constructed by the Marshall Canning Company, the plaintiff commenced an action

against the Canning Company, asking an injunction against it, which action resulted in a decretal order against the Canning Company, enjoining it from maintaining its wires across the streets, alleys, and public grounds of the plaintiff.

We are informed by argument of counsel that an appeal has been taken in said case, but the same has not been submitted to this court. Section 5945 of the Code provides:

"They [cities and towns] shall have the care, supervision, and control of all public highways, streets, avenues, alleys, public squares, and commons within the city, and shall cause the same to be kept open and in repair and free from nuisances."

On the former appeal, we held that an attempt to place, or the placing of, wires across a street, although at a height of 30 to 35 feet, would be an invasion of the rights of the town, and wholly without right or authority of law; and that the wires so placed across a street in the town would constitute a nuisance, which, on the petition of the town, should be enjoined. The contention of the defendants on this appeal is that the wires do not cross any of the streets of the plaintiff; that the line erected by Hadley is upon real estate belonging to the Illinois Central Railroad Company.

The original plat of Ackley comprises the east half and 1,055 feet in width off the east side of the southwest quarter and the east side of the southeast quarter of the northwest quarter, all in Section 2, Township 89 north, Range 19 west of the Fifth P. M. That portion of the town of Ackley occupied by the Illinois Central Railroad was conveyed to Robert R. Parriott on April 8, 1854, by patent from the United States government. The aforesaid plat was acknowledged by the owners in fee of the real estate included therein. Attached to the plat and constituting a part of the same is the following certificate:

"State of Iowa, Hardin County: ss.

"Being satisfied that the requirements of the law have been fully complied with, I hereby order that the above plat and acknowledgment be recorded.

"Witness my hand and seal of said county hereto attached, this 18th day of January, 1858.

"(Seal)   J. D. Gourlay, County Judge."

Said plat was, on the same date, filed for record. The plat complied with the requirements of the statutory law then in force. The acknowledgment and recording of such a plat so certified by the county judge was equivalent to a deed in fee simple of the land therein set apart for public use. See Sections 632 to 637, inclusive, of the Code of 1851.

Ackley was duly and legally incorporated in 1869. By the act of incorporation, any highways in the village prior thereto became streets of the incorporated town. As said by this court in *Davis v. Town of Bonaparte,* 137 Iowa 196:

"Of course, if it was a highway before the incorporation, the act of incorporation made it one of the streets of the town."

In *Lacy v. City of Oskaloosa,* 143 Iowa 704, we made the following pronouncement:

"A claim is made in argument that the title to the public square is still in the county commissioners [original title holders], who acted as a medium through which the dedication of the land as a town plat was effected. This suggestion can hardly be made with much confidence. The filing of the plat containing the tract marked 'public square,' followed by its occupation, use, and improvement as a park, constituted a complete dedication, and the title of the city thereto is as complete as its title to the streets designated upon the same plat. The title never vested in the commissioners, but in the public, and, when the community incorporated itself, the title inured to the municipality in trust for public use."

Thus it will be seen that whatever title the grantors of the original plat of Ackley had in the real estate included in that portion designated as streets is now vested in the plaintiff town.

Now, what as to the rights of the Illinois Central Railroad Company over the real estate on which the Hadley line, hereinbefore mentioned, is located, and the rights of Hadley, whose  line is located thereon? On August 2, 1856, which was prior to the time of the execution of the plat of Ackley, Parriott, for the consideration of $1.00, and in further consideration of the benefits to be derived from the construction of the railroad, executed unto the Dubuque & Pacific Railroad Company a right of way deed, stating therein:

*"Do hereby release to the said company the right of way through any lands I own and in any lands in which I have any interest in the county of Hardin and especially through the following described lands to wit:* The northeast (¼) fourth the north (½) half of the southeast (¼) fourth the north (½) half of the southwest (¼) fourth & the south (½) half of the northwest (¼) fourth of Section No. (2) in Township No. (89) eighty-nine north of Range No. (19) west of the 5th P. M. in Iowa with full privilege to the said company to survey lay out and construct said road without any further consideration or claim excepting that the said railroad company are to make one farm crossing on each (¼) fourth section of the place to be selected by the said Roby R. Parriott."

Said deed was recorded in the records of the recorder's office of Hardin County two days after the recording of the aforesaid plat. Nothing but an easement was granted or conveyed by said deed. See *Brown v. Young,* 69 Iowa 625; *Skillman v. Chicago, M. & St. P. R. Co.,* 78 Iowa 404. Whatever right the Dubuque & Pacific Railroad Company obtained by reason of said deed and another deed to depot property hereinafter referred to, it subsequently conveyed to the Dubuque & S. C. Railroad Company, which in turn conveyed the same to the Illinois Central Railroad Company. The plat hereinbefore referred to shows a right of way for railroad, said right of way being 100 feet wide, and running somewhat diagonally from northeast to southwest. It shows three streets, to wit: Blue Earth Street, Worth Street, and Franklin Street, as running north and south across said right of way. The line erected by Hadley crosses these three streets. No poles or guy wires are set in the streets. To the east of Franklin Street is a tract marked on the plat "D. & P. R. R. Reserve. Depot Grounds." This tract is shown to be 300 feet wide, 130 feet of said width being on the northerly side of the center of the right of way, and 170 feet lying on the southerly side thereof. Said tract extends from the northeast to the southwest, and is 1,500 feet long, except that the southwest portion thereof is cut off by Main Street, which runs east and west.

On February 8, 1858, a deed was executed by the owner, William J. Ackley, to the Dubuque & Pacific Railroad Company for the foregoing tract, marked on the plat "D. & P. R. R. Re-

serve." Thereafter, the Dubuque & Pacific Railroad Company became the owner in fee only of this tract, marked "D. & P. R. R. Reserve. Depot grounds." Where the tract 100 feet wide is shown to cross the three streets hereinbefore mentioned, the railroad company had only a right of way or easement. The Illinois Central Railroad Company, now operating thereon, procured no greater rights from its grantors.

It is manifest that, at the time of the execution by Parriott of the right of way deed, the railroad company named therein as grantee had not located its right of way; for, according to the terms of the deed granting the easement, the railroad company had the privilege to survey and lay out and construct the road upon any portion of Section 2, Township 89, Range 19, therein referred to. All that the railroad company had prior to the execution of the aforesaid plat was an easement. It had that same easement after the execution of said plat. The railroad company has no right over the area included within the intersection of the right of way and the designated streets, except what may be required by it in the operation of a railroad. Any and all other rights therein and thereto are vested in the plaintiff town. The streets have been open to the public and used as streets for many years. Main Street, running east and west, is paved; Franklin Street, running north and south, is paved across the railroad track, the same having been paved by means of a resolution of necessity adopted by the plaintiff town. Franklin Street constitutes a part of what is known as the Glacier Trail. The railroad company accepted its deed for the "D. & P. R. R. Reserve, depot grounds," according to the plat, affected as it was by Main Street, as laid out, and the other streets as laid out on the plat.

Under the record in this case, the railroad company acquiesced in and recognized the statutory dedication to the public by those executing the plat of the streets, so that there is, as against it, an implied or common-law dedication. *State v. Birmingham,* 74 Iowa 407; *Dugan v. Zurmuehlen,* 203 Iowa 1114; *Chicago, R. I. & P. R. Co. v. City of Council Bluffs,* 109 Iowa 425.

The defendant Hadley by cross-petition alleged that the only use to be made by him of the streets of Ackley was to cross three streets with a $\frac{3}{8}$ inch wire, at a height of 30 to 35 feet, and that the same is a reasonable use of the streets.

Under the record, it cannot be successfully asserted that the area within the limits of the streets, as designated on the plat, where they cross the right of way of the Illinois Central Railroad Company, is not a portion of a street or highway, within the purview of Section 5945 of the Code, hereinbefore quoted. Therefore, in accordance with our holding in the former appeal of this case, the injunction was properly granted.

It is shown that the Marshall Canning Company's line crosses one or more streets between the terminus of the utility company's line and its plant. For the same reason, the injunction as against it was proper.

The record discloses a purpose on the part of all three defendants to evade the law relative to franchises, hereinbefore referred to. A court of equity will not lend its aid to acts which will render nugatory the plain provisions of the statutory law.

The judgment and decree of the trial court is hereby affirmed.—*Affirmed.*

STEVENS, C. J., and FAVILLE, MORLING, and KINDIG, JJ., concur.