**STATE of Iowa, Appellee,**

v.

**Ralph JONES, Appellant.**

No. 63283.

Supreme Court of Iowa.

March 19, 1980.

Dale E. Sharp of Smith, Nutty, Sharp & Ruigh, Ames, for appellant.

Thomas J. Miller, Atty. Gen., Shirley Ann Steffe, Asst. Atty. Gen., Ruth R. Harkin, County Atty., and Virginia Turney Larson, Asst. County Atty., for appellee.

Considered by REYNOLDSON, C. J., and LeGRAND, REES, McCORMICK and McGIVERIN, JJ.

McGIVERIN, Justice.

Defendant Ralph Jones appeals from his conviction of theft in the fourth degree in violation of sections 714.1(4) and 714.2(4), The Code 1979. He asserts (1) that section 714.1(4) is unconstitutionally vague and (2) the evidence adduced at trial was insufficient to justify either a verdict of guilty or an instruction to the jury concerning possession of "recently" stolen property. We affirm.

A number of tools, including an electric drill, and a set of four auto mag wheels and tires were taken from the Ames Garage in Ames in a break-in that occurred on May 28 or 29, 1978. The owner estimated the market value of the tires alone at $35 to $50 each. Around noon on May 31 defendant sold two of the stolen wheels and tires, the drill that had been taken in the break-in, and a steering wheel to a service station owner in Ames for a total of twenty dollars. When subsequently arrested and questioned, defendant admitted only to selling the steering wheel, which was not identified as having been stolen. The service station owner testified defendant said he got the wheels and tires from a junked automobile. There was no direct evidence as to when or how defendant came into possession of the items he sold. Specific marks on the drill and wheels allowed easy identification of those items as being stolen from the Ames Garage.

We now consider the assignments of error raised by defendant.

I. *Constitutionality of section 714.1(4), The Code.* Section 714.1 provides in part: A person commits theft when the person does any of the following:

. . . . .

4. Exercises control over stolen property, knowing such property to have been stolen, *or having reasonable cause to believe that such property has been stolen,* unless the person's purpose is to promptly restore it to the owner or to deliver it to an appropriate public officer. . . .

(Emphasis added).

Relative to the above emphasized portion of section 714.1(4), Jones questions the wisdom of the statute and says the statute should provide standards for determining what constitutes "reasonable cause to believe that such property has been stolen." He did object at trial to the portions of the court's jury instructions 9, 10, and 14 that tracked the emphasized statutory language. Objection to these instructions was made on the ground that the statutory language is improper in that it would allow a conviction in the absence of actual knowledge by defendant that the property in question was stolen. The third of the three separate

objections also asserted that the reasonableness standard was inappropriate. He did not elaborate on his objections, which were overruled.

At 21 Am.Jur.2d Criminal Law, section 14 at 95 we find the following summary:

The power to determine what acts shall constitute crimes, and what acts shall not, and to prescribe punishment for acts prohibited belongs to the legislative branch of government. This power is said to be inherent in the state legislature and it is also comprehended in the general grant of legislative power contained in the state constitution. The power is exclusive and is not shared by the courts. So long as constitutional prohibitions are not infringed, the will of the legislature in this respect is absolute. But the power to define crimes is of course subject to the limitations contained in state and federal constitutions.

(footnotes omitted); *see generally Patterson v. New York*, 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977).

In *Keasling v. Thompson*, 217 N.W.2d 687, 690 (Iowa 1974) we said: "The judicial branch of the government has no power to determine whether legislative Acts are wise or unwise . . . ." Therefore, we do not determine whether the legislature was wise in providing that a person may be convicted of theft if he "[e]xercises control over stolen property . . . having reasonable cause to believe that such property has been stolen . . . ." § 714.1(4).

■ The argument in defendant's brief on this issue impliedly amounts to a claim that section 714.1(4) is unconstitutionally vague in violation of due process. Such a constitutional attack was not presented to the trial court and cannot be raised for the first time on appeal. *State v. Holmes*, 276 N.W.2d 823, 828 (Iowa 1979). Therefore, any constitutional attack on the statutory language utilized in the instructions is precluded.

We have nothing to review on this assignment.

■ II. *Possession of "recently" stolen property instruction.* Defendant objected to instruction 12, which referred to an inference that defendant stole the property. The instruction provided that such an inference may be drawn from the possession of "recently" stolen property. Defendant objected on the ground that the time interval involved, thirty-six to sixty-five hours between the theft and defendant's sale of the property, was too long to justify submission of the instruction to the jury. The trial court overruled defendant's objection.

Instruction 12 provided in part:

What is recent possession cannot be precisely determined. The nature of the property, its ease of transfer and all other facts and circumstances shown are to be considered as bearing on whether the interval between the time of the alleged theft and the Defendant's alleged possession was so short as to render it reasonably certain that there could have been no intermediate change of possession.

Defendant says the property involved was easily transferable and possession could have been changed several times during the time interval. The State responds that the stolen items were clearly marked, making their identification as stolen property easy and transfer difficult from the thief to others.

The underlying rationale of the inference is that due to the time element involved the possessor must have had either some involvement in or knowledge of the theft. *State v. Post*, 286 N.W.2d 195, 203 (Iowa 1979).

We have said:

"Recent" . . . is not necessarily measured by the number of hours or days or weeks involved. The nature of the articles, and the circumstances of the case are pertinent elements. The length of time is a question to be considered by the jury together with all other factors in the case. (authorities cited.)

As to the character of the stolen goods it depends to some extent on whether they are readily and easily transferable; light or heavy; easy or hard to identify.

*State v. Brightman*, 252 Iowa 1278, 1282–83, 110 N.W.2d 315, 317 (1961) (jury question involved although a five-month interval between burglary and defendant's possession); *see State v. Stanton*, 172 Iowa 477, 154 N.W. 762 (1915) (four-month interval).

We hold the interval between the theft of the property and defendant's possession of that property was sufficiently short so as to warrant submission of instruction 12 to the jury over the objection made by defendant.

█ III. *Sufficiency of the evidence.* Defendant contends the evidence as a whole was insufficient to support the jury's verdict of guilty because there was no direct evidence to show how defendant came into possession of the stolen property. He raised this point as the basis of his timely motions for judgment of acquittal under Iowa R.Crim.P. 18(10)(a) during trial and for new trial pursuant to Iowa R.Crim.P. 23(2) after the verdict. The motions were overruled by the court.

In this connection defendant again says that the time interval between the theft and defendant's possession of the stolen property was too long to allow submission of instruction 12 and its permissible inference to the jury. We decided this contention adversely to defendant in Division II above.

█ If there is any substantial evidence tending to support the charge, the case should be submitted to the jury. *State v. Veverka*, 271 N.W.2d 744, 747 (Iowa 1978); *State v. McDaniel*, 265 N.W.2d 917, 922 (Iowa 1978). "For purposes of proving guilt beyond a reasonable doubt, direct and circumstantial evidence are equally probative." *State v. O'Connell*, 275 N.W.2d 197, 205 (Iowa 1979). Unexplained possession of recently stolen property by the accused justifies an inference he received it with guilty knowledge. *State v. Post*, 286 N.W.2d at 203; *State v. O'Kelly*, 211 N.W.2d 589, 596 (Iowa 1973); *State v. Houston*, 211 N.W.2d 598, 600 (Iowa 1973). "When the evidence is conflicting or the facts are not in dispute or contradicted, if reasonable minds may draw different inferences from them, a jury

question is engendered." *State v. Blyth*, 226 N.W.2d 250, 267 (Iowa 1975).

In our recent case of *State v. Robinson*, 288 N.W.2d 337 (Iowa 1980) we held relative to the required quantum of evidence that "although Iowa courts view the evidence in the light most favorable to the prosecution they must consider *all* the evidence when determining the sufficiency of the evidence to support a guilty verdict." On that basis, the court must determine whether a rational juror, or trier of fact, could find guilt beyond a reasonable doubt.

Viewed in this manner, the record discloses ample evidence from which the jury might infer defendant's knowledge the property he possessed was stolen or that he had reasonable cause to believe such property was stolen. The conviction was amply supported by the record.

The court correctly overruled the motions.

Because we find no reversible error, the case is affirmed.

AFFIRMED.