# IN THE COURT OF APPEALS OF IOWA

No. 19-0395
Filed September 23, 2020

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**CHRISTOPHER MICHAEL RETMAN,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Jasper County, Thomas P. Murphy (trial) and Glenn E. Pille (motions), Judges.

Christopher Michael Retman appeals from his conviction for first-degree theft. **AFFIRMED.**

Karmen Anderson of Anderson & Taylor, P.L.L.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Bower, C.J., and May and Ahlers, JJ.

**BOWER, Chief Judge.**

Christopher Michael Retman and his codefendants, Joel Green Case and Christina Marie Britt, were charged with first-degree theft, in violation of Iowa Code sections 714.1(4) and 714.2(1) (2017), arising from their possession of vintage motorcycles and parts alleged to have been stolen from Leland Mathews. We have set out the facts more fully in our decision in *State v. Case*, No. 19-0378, also filed this date.

As the jury was instructed, the State here was required to prove:

> (1) Leland Mathews's property was stolen.
> (2) On or about the 17th and 20th days of January, 2017, Mr. Case, Ms. Britt, and Mr. Retman exercised control over the property.
> (3) At the time, Mr. Case, Ms. Britt, and Mr. Retman knew the property had been stolen.
> (4) Mr. Case, Ms. Britt, and Mr. Retman did not intend to promptly return it to the owner or to deliver it to an appropriate public officer.

Retman contends there is insufficient evidence he knew the property had been stolen.

The State did not need to prove that Britt, Case, and Retman committed the burglary. Rather, it was the State's burden to prove they possessed the property and knew it was stolen. In *Case*, we set out a detailed analysis, equally relevant here. Suffice it to say, there is ample evidence from which a jury could find that challenged elements of the charge were established. *See State v. Thornton*, 498 N.W.2d 670, 673 (Iowa 1993) ("The jury is free to believe or disbelieve any testimony as it chooses and to give weight to the evidence as in its judgment such evidence should receive.").

Even though Leland Mathews died several months before the cases went to trial, Detective Jeremy Burdess established that Mathews did identify specific items recovered from the codefendants that belonged to him. The State also offered testimony from Mathews's friends and family, who identified specific motorcycles, parts, boxes, and memorabilia that came from Mathews's collection and were found in Case, Britt, and Retman's possession. Adam Krueger recognized the signage from Mathews's shop, as depicted in Mathews's old photographs. Krueger also recognized other items belonging to Mathews, which he had seen in Mathews's shop. Dan Trampel recognized specific motorcycles and parts, along with specific boxes that bore his own handwriting, from when he helped Mathews move his collection. Mathew's nearly twenty-year companion, Caroline Irons, identified a wide variety of the recovered items. Kathy Mathews, Mathews's former wife, recognized specific items, and saw her own handwriting, Mathews's handwriting, and their daughter, Susan Greenwood's, handwriting on boxes containing motorcycle parts. Greenwood was also able to identify "the milk crates and signs" and showroom parts from the motorcycle she rode "when [she] was a kid." Jeff Jarnagin identified a motorcycle that he had personally restored with Mathews's help. Nicholas Bollenbaugh identified his own motorcycle that Mathews was storing for him. David Phillips identified a number of motorcycles as belonging to Mathews. And Curt Leaverton identified another one-of-a-kind item from Mathews's collection with historical significance to motorcycling enthusiasts along with other unique items from Mathews's collection.

There is substantial evidence to allow an inference the defendants knew or reasonably should have known the motorcycles and parts in their possession were

stolen. *See State v. Jones*, 289 N.W.2d 597, 599–600 (Iowa 1980) (allowing the jury to infer defendant's knowledge from the possession of "recently" stolen property). In light of the great number of the items found in the defendants' possession identified as coming from Mathews's collection,[1] the vintage and distinctive nature of the items, and the familiarity of many people with his collection and the burglary, the jury was allowed to infer Retman knew or reasonably should have known the property he possessed was stolen. Other circumstances that tend to support an inference of guilty knowledge include: the fact that motorcycles were altered and painted, Case and Britt were moving the stolen parts into a storage unit in the middle of the night, and Retman appeared at Krueger's shop after items were seized by law enforcement and made threats of bodily harm. While no one circumstance alone might be sufficient, the jury could consider all the circumstances together and reasonably conclude Retman "knew the property had been stolen."

Retman also contends his counsel was ineffective in failing to object to "numerous hearsay and backdoor hearsay violations." The present record is not sufficient to consider this claim. *See State v. Trane*, 934 N.W.2d 447, 465 (Iowa 2019) (noting ineffective assistance of counsel claims are normally preserved for possible postconviction proceedings).[2]

---

[1] There was testimony it required several truckloads to move it all to the sheriff's office, and photos show how much was involved.

[2] The Iowa legislature recently amended Iowa Code section 814.7, eliminating direct-appeal ineffective-assistance-of-counsel claims. Iowa Code § 814.7 (Supp. 2019). However, this amendment "do[es] not apply to cases pending on July 1, 2019." *State v. Macke*, 933 N.W.2d 226, 235 (Iowa 2019). Because Case's appeal was pending before July 1, 2019, the amendment does not apply.

For the reasons stated in *Case* and here, we affirm Retman's conviction for first-degree theft. We do not address the ineffective-assistance-of-counsel claim.

**AFFIRMED.**